FLOYD HAMLET, APPELLANT, *v.* THE STATE OF NEVADA, RESPONDENT.

No. 5741

June 17, 1969                        455 P.2d 915

*James E. Ordowski,* of Las Vegas, for Appellant.

*Harvey Dickerson,* Attorney General, *George E. Franklin, Jr.,* District Attorney, and *Jerry J. Kaufman,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

By the Court, ZENOFF, J.:

During the afternoon of June 12, 1967 appellant Hamlet and three other men were parked outside of a small grocery store in Las Vegas. When the owner investigated he was told by Hamlet that the car had a dead battery. The owner made a note of the license number of the car because he suspected that the men were casing his store for the purpose of robbing it. During the evening hours of the next day the same owner saw Hamlet walking toward the store while pulling a mask

over his face. Several men were following him and armed robbery ensued. They were later apprehended and Hamlet was convicted of being the gunman. On appeal he raised three principal issues (1) that his conviction should be reversed because a lineup was used against him without meeting constitutional requirements of his right to counsel (2) that his life imprisonment sentence is unconstitutional, and (3) that the prosecutor by his misconduct created reversible error.

1.  There is no dispute that the lineup was conducted without the presence of counsel. Assuming this infirmity the question is whether the state proved by clear and convincing evidence that the in-court identification by the owner was based upon his observation at the scene of the offense. Thompson v. State, 85 Nev. 134, 451 P.2d 704 (1969).

The court held a hearing and from it concluded that the owner's wife should be prevented from making an in-court identification because she had not observed Hamlet independent of the lineup since she never saw his face at the scene although she chose him from the lineup. The trial judge allowed the owner's identification because he testified that he had observed Hamlet coming out of the car the day before the robbery, saw Hamlet's face just before he pulled the mask over his face as he walked outside the store, and that the testimony was incontroverted. We find no error in the court's ruling as to identification.

2.  Records of Hamlet's prior convictions for felonies committed in California established the necessary foundation for the trial court to punish him as an habitual criminal. However, those records were devoid of an affirmative showing that he had been represented by counsel in any of those proceedings or had validly waived his right to counsel. Even though he did plead guilty in at least one of those convictions and had represented himself in at least one other we are compelled to invalidate his punishment as enhanced by his habitual criminality unless the state can rebut the presumption that the prior convictions are void. Burgett v. Texas, 389 U.S. 109, 114–115 (1967), holds that a record silent on its face as to counsel presumes a denial of the right to counsel and, further, prohibits a presumption of waiver of counsel. The burden is on the state to show that an attorney was either present or validly waived. Dyett v. Turner, 287 F.Supp. 113 (D. Utah 1968); Williams v. Coiner, 392 F.2d 210 (4th Cir. 1968).

3.  Appellant charges prosecution misconduct arising from the accidental hearing by the owner and his wife of a tape recording in the prosecutor's office reciting a confession by one of the participants in the robbery. The encounter was accidental, only fragmentary. The recording was shut off as soon as the confrontation occurred. The testimony of the witness does not appear to have been prejudicially influenced by the snatch of conversation that she heard on the recording. There was no misconduct.

We remand to the trial court for the purpose of a further hearing on the issue of absence of counsel at those proceedings which founded the convictions and which were used to fix the punishment in this case. Williams v. Coiner, supra. If the state is unable to establish the presence of counsel or a valid waiver, punishment shall be imposed in accordance with statutory requirements but without recidivist enlargement.

Remanded as directed.

COLLINS, C. J., BATJER, MOWBRAY, and THOMPSON, JJ., concur.