MORRIS EDWIN ANGLIN, JR., APPELLANT, v.
STATE OF NEVADA, RESPONDENT.

No. 5929

February 2, 1970                    464 P.2d 504

[Rehearing denied March 11, 1970]

*William B. Puzey,* of Reno, for Appellant.

*Harvey Dickerson,* Attorney General, *William J. Raggio,* District Attorney, and *Kathleen M. Wall,* Deputy District Attorney, Washoe County, for Respondent.

## OPINION

By the Court, THOMPSON, J.:

The appellant, Anglin, is serving a life sentence at the Nevada State Prison as an habitual criminal. He was convicted in Nevada for the crime of forgery. Following a subsequent habitual criminal proceeding the court found that the appellant had been six times previously convicted of felonies and imposed the increased punishment directed by statute. NRS 207.010 (2):[1] This appeal questions the propriety of the ruling of the district court which allowed exemplified copies of three of the prior felony convictions to be received in evidence during the forgery trial to impeach the credibility of Anglin as a witness. Moreover, Anglin challenges the constitutional validity of all six prior convictions, exemplified copies of which were received in

---

[1]NRS 207.010(2) reads: "Every person convicted in this state of any crime of which fraud or intent to defraud is an element, or of petit larceny, or of any felony, who shall previously have been three times convicted, whether in this state or elsewhere, of any crime which under the laws of the situs of the crime or of this state would amount to a felony, or who shall previously have been five times convicted, whether in this state or elsewhere, of petit larceny, or of any misdemeanor or gross misdemeanor of which fraud or intent to defraud is an element, shall be punished by imprisonment in the state prison for life."

evidence during the habitual criminal hearing. We find no merit to either contention and affirm the district court.

1. Anglin testified in his own defense during the forgery trial. During cross-examination the prosecutor inquired as to the number and names of the prior crimes. This was permissible impeachment by virtue of statutes and case law interpreting the statutes. NRS 48.020; NRS 48.130; Plunkett v. State, 84 Nev. 145, 437 P.2d 92 (1968).[2] Three of the prior felonies were admitted by Anglin. As to these, the court allowed no further interrogation, nor would the court allow into evidence exemplified copies of those admitted convictions. The court did receive in evidence exemplified copies of three other prior felony convictions since Anglin had denied their occurrence, either outright or inferentially. For example, as to two of them, Anglin testified that he had not been convicted "officially" since the cases were on appeal. The exemplified copies established that the appeals had been affirmed in each instance, and thus impeached his testimony. Nothing appears from the face of the exemplified copies admitted in evidence suggesting that the convictions were unconstitutional.

2. At the recidivist hearing exemplified copies of six prior felony convictions were received in evidence. At least five of those copies show upon their face that Anglin was either represented by counsel or waived counsel. Accordingly, the ruling of the United States Supreme Court in Burgett v. Texas, 389 U.S. 109 (1967), is met. See also: Eisentrager v. State Board of Parole, 85 Nev. 672, 462 P.2d 40 (1969). Nothing appears from the face of five of the exemplified records to suggest that the convictions therein specified were unconstitutional.[3]

---

[2]NRS 48.020 provides: "No person shall be disqualified as a witness in any action or proceeding . . . by reason of his conviction of felony, but such conviction may be shown for the purpose of affecting his credibility . . . ."

NRS 48.130 reads: "A witness shall answer questions legal and pertinent to the matter in issue, though his answer may establish a claim against himself, but he need not give an answer which will have a tendency to subject him to punishment for a felony, nor need give an answer which will have a direct tendency to degrade his character, unless it be to the very fact in issue, or to a fact from which the fact at issue would be presumed. But a witness shall answer as to the fact of his previous conviction for felony."

[3]It is immaterial that one of the exemplified records used at the recidivist hearing may not have satisfied Burgett v. Texas, supra, since the statute (NRS 207.010(2)) is otherwise satisfied for the imposition of a life sentence.

3. During the forgery trial and also at the habitual hearing, the appellant endeavored to show that several of his prior felony convictions were constitutionally infirm for one reason or another. Once identity is established, NRS 207.010(8) declares that "presentation of an exemplified copy of a felony conviction shall be prima facie evidence of conviction of a prior felony." Accordingly, the evidentiary items contained in the exhibit (type of prior felony, where committed, identity of sentencing court, whether defendant was represented by counsel or had waived counsel, etc.) are prima facie evidence of the facts the exhibit purports to show, and the trial court may accept that evidence and reject the defendant's attempted contradiction of it. Of course, the court may not rely upon the exemplified record, either to impeach or enhance punishment, when a constitutional infirmity appears from the face of the record (for example: that the defendant was not represented by counsel nor had he waived counsel, Burgett v. Texas, supra). If the infirmity does not so appear, the court may rely upon the exemplified record and make its determination therefrom. From time to time there may be an occasion where such prior conviction is in fact constitutionally infirm, but such infirmity is not reflected upon the face of the exemplified record. In such instance, that infirmity is to be established through an appropriate proceeding in the state where the conviction occurred and not otherwise. Until it is thus established the forum court may rely upon the exemplified record.

4. Other assignments of error have been considered and are rejected as having no merit.

Affirmed.

COLLINS, C. J., ZENOFF, BATJER, and MOWBRAY, JJ., concur.