RODNEY L. HALBOWER, Appellant, *v.* THE STATE
OF NEVADA, Respondent.

No. 10587

February 21, 1980                    606 P.2d 536

*Norman Y. Herring,* State Public Defender, Carson City,
and *J. Gregory Damm,* Deputy Public Defender, for Appel-
lant.

*Richard H. Bryan,* Attorney General, and *Robert A. Bork,*
Deputy Attorney General, Carson City, for Respondent.

## OPINION

*Per Curiam:*

In 1977 Rodney Halbower was convicted of escape from prison, a felony under NRS 212.090. He was also adjudged to be an habitual criminal with five prior felony convictions and, pursuant to NRS 207.010, was sentenced to life imprisonment without the possibility of parole.[1]

The district court based its determination that Halbower was an habitual criminal upon exemplified copies of (1) three prior felony convictions in Nevada for forcible rape, infamous crime against nature, and infamous crime against nature with force and (2) two prior felony convictions in Michigan for breaking and entering with intent to commit larceny, and larceny in a building.

In this appeal, Halbower contends his three prior felony convictions in Nevada should be considered as only one conviction under NRS 207.010 because they arose from a single transaction. He also argues that the district court erred in considering his two prior felony convictions in Michigan in determining his status as an habitual criminal because the prosecution did not establish that he was represented by counsel or validly waived his right to counsel in those proceedings. Halbower therefore argues that he was improperly sentenced as an habitual criminal because the prosecution established the existence of only one prior felony conviction.

1. This court recently held that where two or more convictions result from the same act, transaction or occurrence, and are prosecuted in the same indictment or information, those

[1]NRS 207.010 provides in part:

"2. Every person convicted in this state of any crime of which fraud or intent to defraud is an element, or of petit larceny, or of any felony, who has previously been three times convicted, whether in this state or elsewhere, of any crime which under the laws of the situs of the crime or of this state would amount to a felony, . . . shall be punished by imprisonment in the state prison for life with or without possibility of parole. If the penalty fixed by the court is life imprisonment with the possibility of parole, eligibility for parole begins when a minimum of 10 years has been served."

several convictions may be utilized only as a single prior conviction for purposes of the habitual criminal statute. Rezin v. State, 95 Nev. 461, 596 P.2d 226 (1979).

Halbower's three prior Nevada convictions fit squarely within the criteria set forth in *Rezin*.[2] Those convictions, therefore, may be counted toward enhancement under NRS 207.010 as only one prior conviction.

2. Exemplified copies of Halbower's two prior felony convictions in Michigan were introduced in the district court after Halbower's trial for the purpose of establishing his status as an habitual criminal. As mentioned above, Halbower contends these documents should not have been considered because they did not establish that he was represented by counsel at those proceedings or that he validly waived that right. *See* Rezin v. State, *supra;* Hamlet v. State, 85 Nev. 385, 455 P.2d 915 (1969).

The state argues that Halbower did not object to the sufficiency of the records when they were introduced below and, presumably, he should not be allowed to raise the objection for the first time on appeal.

The sentencing transcripts of the Michigan convictions indicate that Halbower was represented by counsel at only one of those proceedings. It is clear from the transcript of the other proceeding that Halbower appeared at his sentencing in proper person. Under these circumstances, where the records upon their face demonstrate absence of counsel, the burden is upon the state to show that the right to an attorney was validly waived, *see* Hamlet v. State, *supra,* and the failure to object to the sufficiency of those records when they were introduced does not alter the state's obligation.[3] *Compare* Baymon v. State, 94 Nev. 370, 580 P.2d 943 (1978) (where it was unclear on that record whether accused was represented by counsel at prior proceedings, failure to object to sufficiency of records of prior convictions in lower court precluded accused from raising objection for first time on appeal).

Accordingly, since the state did not establish that Halbower waived his right to counsel at the 1966 Michigan proceeding,

---

[2]*See* Halbower v. State, 93 Nev. 212, 562 P.2d 485 (1977), for a factual account of the incident which resulted in the convictions.

[3]In Thomas v. State, 93 Nev. 565, 571 P.2d 113 (1977), where there was no objection lodged in the district court, we declined to consider alleged infirmities in prior convictions raised for the first time on appeal. However, *Thomas* is distinguishable from the case at bar because there Thomas stipulated that the exemplified copies of prior convictions be taken as evidence in support of the habitual criminal charge, relieving the state of further inquiry.

where he appeared in proper person, we remand this case to the district court for a hearing to determine whether such waiver occurred and for such other proceeding as may be necessary not inconsistent with this opinion. Rezin v. State, *supra.*