WILLIE LEE SCOTT, APPELLANT, *v.* THE STATE OF NEVADA, RESPONDENT.

No. 12393

June 25, 1981                                    630 P.2d 257

[Rehearing denied August 24, 1981]

*Bilbray, Carelli & Miller,* Las Vegas, for Appellant.

*Richard H. Bryan,* Attorney General, Carson City; *Robert J. Miller,* District Attorney, and *James Tufteland* and *Mel Bowers,* Deputy District Attorneys, Clark County, for Respondent.

## OPINION

*Per Curiam:*

A jury convicted appellant Scott of first degree murder. On appeal, appellant contends the district court erred (1) by

denying his motion to preclude proof of prior felony convictions through assertedly inadequate records, (2) by denying his challenges for cause concerning two members of the jury panel, and (3) by restricting his cross-examination of a key prosecution witness. Appellant also asserts that the prosecution adduced insufficient evidence of premeditation to support his conviction for first degree murder. We reverse appellant's conviction, because the district court erred in denying his motion to preclude evidence of two prior felony convictions. Other issues need not be decided.

Appellant was convicted of burglary in February, 1970, and of theft in November, 1974. He moved to exclude evidence of these convictions for impeachment purposes, on the ground that their validity was not sufficiently established in records submitted by the State. As to the burglary charge, the exemplified record failed to show that appellant properly waived his constitutional rights before entering his guilty plea. As to the theft charge, he contended the exemplified record failed to show he had been represented by counsel. The district court denied appellant's motion to preclude this evidence. Accordingly, expressly to prevent the use of these convictions for impeachment purposes, appellant chose not to testify in his own behalf.

We have heretofore said that a "court may not rely upon the exemplified record, either to impeach or enhance punishment, when a constitutional infirmity appears from the face of the record." Anglin v. State, 86 Nev. 70, 73, 464 P.2d 504 (1970); see Halbower v. State, 96 Nev. 210, 606 P.2d 536 (1980). Here, the exemplified record for the burglary charge merely recites that, "the defendant in open Court, in person, pleaded guilty to the charge of Burglary." It does not disclose that defendant's plea of guilty was entered "voluntarily and understandingly." See Boykin v. Alabama, 395 U.S. 238, 244 (1969). As to the theft charge, the record presented by the State reflects only the presence of appellant, and not of any counsel, at the time appellant entered his guilty plea.

The district court therefore erred when it denied appellant's motion to preclude impeachment through use of the records in question. Since the ruling probably prevented appellant from testifying, the degree of prejudice arising from the error is not ascertainable. Mann v. State, 96 Nev. 62, 605 P.2d 209 (1980). Accordingly, we reverse and remand this matter for a new trial, because the jury might have reached a different verdict if it had heard appellant's version of the homicide.[1]

---

[1] Appellant has had two trials of this matter. The first trial, in which the appellant testified in his own behalf, ended in a declaration of a mistrial. The jury deadlocked, ten to two for acquittal.