**Marshall Edwin BROWN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 10–81–084–CR.**

Court of Appeals of Texas,
Waco.

June 24, 1982.

Rehearing Denied July 29, 1982.

Discretionary Review Refused
Oct. 27, 1982.

Allen C. Isbell, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Calvin A. Hartmann, J. Gordon Dees, Asst. Dist. Attys., Houston, for appellee.

OPINION

McDONALD, Chief Justice.

Defendant was convicted of unauthorized use of a motor vehicle, enhanced by prior felony conviction for rape. He was assessed not less than 2 nor more than 20 years confinement in the Texas Department of Corrections and a $5,000.00 fine.

Defendant appeals an one ground of error asserting he was not represented by counsel at sentencing in the prior conviction for rape.

The indictment alleged in an enhancement paragraph that defendant had previously been convicted November 16, 1971 in Cause No. 7900 in the 24th District Court of Victoria County, Texas of the felony offense of rape.

After defendant had been found guilty of the primary offense, pursuant to a motion to quash a hearing was held outside the presence of the jury to determine the merits of defendant's assertion that he was

without counsel at the sentencing in the Victoria County conviction. Defendant testified at this hearing that he was without counsel at the sentencing in the Victoria County case; that he was indigent and did not waive the presence of counsel at sentencing; and that counsel who had represented him at trial had been appointed by the trial court. The trial court denied the motion to quash.

Thereafter the State offered in evidence a fingerprint card and "pen packet" containing the judgment and sentence in the Victoria County conviction which reflected defendant in this case was the defendant convicted and sentenced for rape in Victoria County in 1971, after a jury found him guilty and assessed his punishment at confinement in the penitentiary for 35 years.

The Victoria County judgment recites defendant appeared in person "his counsel also being present Mr. Ted Music and Mr. Arthur Lopman". The sentence follows the judgment and reflects defendant was present but does not affirmatively recite whether a lawyer was present or not.

■ Proof of a proper *prior conviction* is the *only* prerequisite to enhancement.

■ A prior felony sentence which could be subject to attack for failure of counsel to appear at sentencing does not nullify the fact of the underlying conviction when used for enhancement unless there was probability of a probated sentence sufficient to cast the sentencing as a critical stage in which substantial rights were involved requiring counsel. *Gutierrez v. Estelle*, 5th Cir., 474 F.2d 899, 905; *Davis v. Estelle*, 5th Cir., 529 F.2d 437, 442. Since defendant's punishment in the prior rape case exceeded ten years imprisonment, he was not entitled to probation. Tex.C.C.P. Art. 42.12(B)(3).

Defendant's ground is overruled.

AFFIRMED.