ROBERT JAMES DRESSLER, Appellant, *v.*
THE STATE OF NEVADA, Respondent.

No. 21088

October 24, 1991 819 P.2d 1288

*Terri Steik Roeser,* State Public Defender, and *Janet S. Besse-mer,* Deputy, Carson City, for Appellant.

*Frankie Sue Del Papa,* Attorney General, Carson City; *Scott Doyle,* District Attorney and *Kristine L. Brown,* Deputy, Douglas County, for Respondent.

## OPINION

*Per Curiam:*

On March 7, 1990, following a bench trial, the district court convicted appellant of one count of driving under the influence of alcohol with two or more prior convictions. NRS 484.379; NRS 484.3792(1)(c). The district court sentenced appellant to serve a term of two years in the Nevada State Prison, and fined appellant $2,000.

At sentencing, the state offered evidence of two prior convictions: (1) a Lassen County, California, conviction dated July 8, 1983; and (2) a Douglas County, Nevada, conviction dated February 10, 1990. Appellant objected to the use of the Lassen County conviction because the information incorrectly alleged that the conviction had occurred in San Mateo County, California, rather than Lassen County. The state moved to amend the information by way of interlineation to reflect the conviction actually occurred in Lassen County, rather than in San Mateo County. The state argued that the Lassen County conviction had been admitted into evidence at the preliminary hearing, and that, therefore, no prejudice to appellant would result from amending the information. After a continuation to allow briefing and to consider the matter fully, the district court overruled appellant's objection and allowed the amendment. This appeal followed.

Appellant first contends that the district court erred in permitting the state to amend the information after the verdict. Specifically, appellant asserts that, although the prior convictions used to enhance a DUI conviction are not a substantive part of the offense, "[t]he facts concerning a prior offense must be alleged" in the complaint or information, and "must also be shown at the preliminary examination . . . ." NRS 484.3792(2). Further, an information may not be amended after the verdict is rendered. *See* NRS 173.095(1) (authorizing amendment of the information before verdict). Accordingly, appellant argues that the district court erred in allowing the state to amend the information to reflect that his 1983 conviction was in Lassen County rather than in San Mateo County.

We do not read NRS 484.3792(2) so restrictively. Certainly, the defendant in a DUI case should be put on notice of the possible penalties faced, and should be provided with enough information to challenge the validity of alleged prior convictions. The state must in good faith include in the information a description of each prior conviction that is as complete and accurate as possible. However, an error in the description of a prior conviction does not automatically preclude use of the prior conviction for enhancement purposes. Instead, unless the defendant can show that an omission or inaccuracy in describing a prior conviction had prejudiced him, the state is not precluded from using that prior conviction in seeking an enhancement of the defendant's punishment.

In the instant case, no such prejudice is alleged, and none occurred. The evidence of the Lassen County conviction was introduced at the preliminary hearing; appellant could not have been surprised to see the same evidence presented at his later sentencing. Further, unless appellant had convictions in two California counties on the same date, it is unlikely he was misled by the typographical error complained of. We conclude that the information, even without amendment, was sufficient to allow the state to use the Lassen County conviction for enhancement purposes. We therefore need not determine whether the district court erred in allowing amendment of the information.

Appellant next contends that the district court erred in considering evidence of a prior felony conviction from Douglas County, Nevada, because the evidence at sentencing did not comport with this court's decision in Koenig v. State, 99 Nev. 780, 672 P.2d 37 (1983). Appellant argues that *Koenig* requires that a prior felony conviction based on a guilty plea may not be used for enhance-

ment purposes in a subsequent proceeding unless "an official court record" exists showing that the prior conviction is constitutionally valid.[1] Further, appellant argues that it is the burden of the state to produce such an official court record as a prerequisite to using a prior felony conviction for enhancement purposes. The state concedes that the *Koenig* standard was not met in this case.

In light of the arguments of the parties, we have decided to make a detailed evaluation of what the state must show before a prior conviction can constitutionally be used for enhancement purposes.

The Supreme Court has repeatedly affirmed the validity of recidivist or habitual criminal statutes. *See* Spencer v. Texas, 385 U.S. 554 (1967). In *Spencer,* the Supreme Court upheld against constitutional attack a Texas rule of procedure which allowed the jury to be informed of the existence of the defendant's prior felonies, but required that the jury be instructed not to consider those prior felonies in reaching its verdict. In so doing, the Court concluded that the fourteenth amendment did not empower the Court to oversee the varied procedures in state courts for proving the existence of prior convictions for enhancement purposes.

In Burgett v. Texas, 389 U.S. 109 (1967), the Supreme Court reversed the conviction of a criminal defendant because the state had introduced into evidence the record of a prior conviction which showed on its face that the defendant had not been represented by counsel but did not indicate whether the defendant had waived his right to counsel. Although the state had introduced the prior conviction for enhancement purposes, the Court's holding was not limited to use of a prior conviction for enhancement purposes. Instead, the Court first noted the well established rule that a waiver of counsel cannot be presumed from a silent record, and held that a conviction obtained in violation of the right to counsel cannot be used "either to support guilt or enhance punishment for another offense . . . ." *Id.* at 115. The Court further held that the error of admitting evidence of a presumptively unconstitutional conviction was inherently prejudicial. *Id.* at 114-15.

The *Burgett* Court did not, however, place the burden of proving the constitutional validity of a prior judgment of conviction offered for enhancement purposes on the state. The prior judgment of conviction in *Burgett* raised a presumption of inva-

---

[1]The documents submitted by the state as evidence of the Douglas County conviction consist of a certified copy of the judgment of conviction, one page of the minutes of preliminary proceedings in the Justice's Court of the East Fork Township, Douglas County, and a bench warrant for appellant's arrest based on a failure to appear. These documents affirmatively demonstrate that appellant was represented by counsel when he entered his plea. They are otherwise silent with respect to appellant's constitutional rights.

lidity on its face; the question of the state's burden of proof with respect to a prior judgment of conviction offered for enhancement purposes was simply not before, and not addressed by the Court. This point is evidenced by the fact that the Court distinguished the *Burgett* situation from its earlier decision in Spencer v. Texas, 385 U.S. 554 (1967), because in *Spencer* "the prior convictions were not presumptively void." *Burgett,* 389 U.S. at 115.

In summary, *Burgett* prohibits the states from using a prior felony conviction for any purpose if the record of that conviction raises an unrebutted presumption that the prior conviction was obtained in violation of a specific federal constitutional right. *Burgett* does not prohibit the states from relying for enhancement purposes on presumptively valid prior judgments of conviction, nor does it place on the states the burden of proving that a presumptively valid judgment of conviction offered for enhancement purposes is not subject to challenge on any constitutional basis.

Later, in Baldasar v. Illinois, 446 U.S. 222 (1980), the Supreme Court held that a misdemeanor conviction, the records of which showed that the defendant "was not represented by a lawyer and did not formally waive any right to counsel," could not be used to enhance a subsequent misdemeanor to a felony. *Id.* at 223-24. As in *Burgett,* the *Baldasar* Court did not address the issue of the state's burden of proof with respect to a prior judgment of conviction offered for enhancement purposes.

Although the United States Supreme Court has not addressed the question of what the state's burden is with respect to prior convictions offered for enhancement purposes, other courts have. For example, United States v. Gallman, 907 F.2d 639 (7th Cir. 1990), concerned a defendant who was convicted of felony possession of firearms and receiving stolen property. The defendant, Gallman, received an enhanced sentence of a minimum of fifteen years without the possibility of parole. *See* 18 U.S.C. §§ 922(g)(1), 924(e) (providing an enhanced sentence for certain defendants with three prior convictions). On appeal, Gallman contended that one of his prior convictions could not be used for enhancement because it was based on a guilty plea which was not intelligently and voluntarily entered.

In discussing Gallman's contention, the court of appeals stated, "once the government has shown that a defendant has three prior 'violent felony' convictions, the burden rests with the defendant to show that the conviction was unconstitutional . . . . Thus, a defendant can overcome the government's proof of a conviction, but only if he musters evidence of that conviction's unconstitutionality." *Gallman,* 907 F.2d at 643 (citations omitted). The court noted further that "[i]n some circumstances . . . where the certified record of conviction indicates on its face that the convic-

tion was unconstitutional, the defendant's burden is automatically met and the defendant need introduce no evidence at all." *Gallman,* 907 F.2d at 643 n.4, (citing United States v. Gantt, 659 F.Supp. 73 (W.D.Pa. 1987)). Because Gallman's judgment of conviction was facially valid, and because the evidence presented by Gallman failed to explicitly prove that Gallman's plea was invalid, the court denied Gallman relief.

In Allen v. State, 463 So.2d 351 (Fla.Dist.Ct.App. 1985), the court considered a consolidated appeal by several defendants whose misdemeanor crimes had been enhanced to felonies based on prior convictions. The defendants claimed that the prior convictions relied on to enhance their crimes were constitutionally infirm because the records of those convictions did not affirmatively indicate that constitutional requirements had been satisfied.

The court first stated the well established rule that a duly entered judgment of conviction is presumed to be valid. *Id.* at 357. The court then held that a judgment of conviction is not invalid simply because it does not affirmatively demonstrate that constitutional requirements had been satisfied. *Id.* at 363. Relying on *Burgett* and *Baldasar,* the court determined that a defendant must be allowed to challenge the constitutional sufficiency of a prior judgment of conviction in any proceeding where that judgment is offered by the state for enhancement purposes. The court held, however, that in any challenge to "the validity of prior convictions, the defendant has the burden of proving the alleged grounds by a preponderance of the evidence . . . . In addition, the defendant must prove by competent evidence that there was, in fact, no knowing and voluntary waiver of rights on his part." *Allen,* 463 So.2d at 364 (citations omitted). The court went on to state that "[o]nce the defendant has met this burden, it is incumbent upon the state to go forward with contrary evidence to show either that the defendant was afforded all constitutional rights or that he made a valid waiver thereof." *Id.*

Other state and federal courts are in accord with the law as stated in *Gallman* and *Allen. See, e.g.,* Tuitt v. Fair, 822 F.2d 166 (1st Cir. 1987) (it is not unconstitutional to require the defendant to prove the affirmative defense that prior convictions are invalid); Luna v. Black, 772 F.2d 448 (8th Cir. 1985) (if the record is silent on whether defendant had counsel *and* defendant presents evidence tending to show that he or she was not represented, the burden of proof regarding the validity of prior convictions shifts to the state); Armour v. State, 479 N.E.2d 1294, 1300 (Ind. 1985) ("[a]ffirmative defenses challenging the validity of predicate felony convictions must be substantiated on the face of the proof offered by the State to establish such convictions"); Dunn v. Com., 703 S.W.2d 874, 876 (Ky. 1985) ("[t]he pre-

sumption of regularity of judgment shall be sufficient to meet the original burden of proof"), *cert. denied,* 479 U.S. 832 (1986); Brown v. State, 636 S.W.2d 19, 20 (Tex.Ct.App. 1982) ("[p]roof of a proper *prior conviction* is the *only* prerequisite to enhancement") (emphasis in original); State v. Ammons, 713 P.2d 719 (Wash. 1986) (en banc) (the state does not have the affirmative burden of proving the constitutional validity of prior convictions used for enhancement purposes if no constitutional infirmity appears on the face of the prior judgment); *but see* United States v. Taylor, 882 F.2d 1018 (6th Cir. 1989) (appearing to place an undetermined initial burden on the state); Rudolph v. Parke, 856 F.2d 738 (6th Cir. 1988) (requiring the state to produce a sentencing transcript showing a voluntary waiver of rights).

Although there are some differences in approach between different courts, there seems to be broad support for at least a few general propositions. First, a judgment of conviction is entitled to a presumption of regularity. While it is true that courts may not imply a waiver of constitutional rights from a silent record, it is also true that courts should not imply a constitutional deficiency in a judgment of conviction from a silent record. If the state produces valid records of a judgment of conviction which do not, on their face, raise a presumption of constitutional deficiency, then the defendant has the burden of presenting evidence rebutting the presumption of regularity given to a judgment of conviction.[2] In order to rebut that presumption of regularity, the defendant must make out a prima facie case that there is a constitutional deficiency in the judgment of conviction. If the defendant succeeds in overcoming the presumption of regularity given to the judgment of conviction, then the state has the burden of going forward with evidence to overcome the defendant's prima facie case. Ultimately, the issue is to be decided in favor of the party producing a preponderance of the evidence.

We turn now to Nevada law. In Hamlet v. State, 85 Nev. 385, 455 P.2d 915 (1969), this court stated that *Burgett* "holds that a record silent on its face as to counsel presumes a denial of the right to counsel and, further, prohibits a presumption of waiver of counsel. The burden is on the state to show that an attorney was either present or validly waived." *Hamlet,* 85 Nev. at 387, 455 P.2d at 916 (citing Dyett v. Turner, 287 F.Supp 113 (D.Utah); Williams v. Coiner, 392 F.2d 210 (4th Cir. 1968)). As noted above, however, the record at issue in *Burgett* was not silent on its face as to counsel; rather, it affirmatively demonstrated the

---

[2]NRS 207.010(8) provides that "[a] certified copy of a felony conviction is prima facie evidence of conviction of a prior felony."

absence of counsel, and was silent as to whether the right to counsel was validly waived. Thus, *Burgett* did not address the issue of the state's burden, and did not require a presumption of constitutional invalidity from the face of a record silent as to counsel. *Hamlet* went far beyond the requirements of *Burgett*.

In Anglin v. State, 86 Nev. 70, 464 P.2d 504 (1970), this court retreated from its holding in *Hamlet*. Anglin was adjudicated a habitual criminal on the basis of six prior felonies. This court discussed the enhancement issue as follows:

> During the forgery trial and also at the habitual hearing, the appellant endeavored to show that several of his prior felony convictions were constitutionally infirm for one reason or another. Once identity is established, NRS 207.010(8) declares that "presentation of an exemplified copy of a felony conviction shall be prima facie evidence of conviction of a prior felony." Accordingly, the evidentiary items contained in the exhibit (type of prior felony, where committed, identity of sentencing court, whether defendant was represented by counsel or had waived counsel, etc.) are prima facie evidence of the facts the exhibit purports to show, and the trial court may accept that evidence and reject the defendant's attempted contradiction of it. Of course, the court may not rely upon the exemplified record, either to impeach or enhance punishment, when a constitutional infirmity appears from the face of the record (for example: that the defendant was not represented by counsel nor had he waived counsel, Burgett v. Texas, supra). If the infirmity does not so appear, the court may rely upon the exemplified record and make its determination therefrom.

*Anglin,* 86 Nev. at 73, 464 P.2d at 505-06.[3]

---

[3]The *Anglin* opinion continued by noting that, "[f]rom time to time there may be an occasion where such prior conviction is in fact constitutionally infirm, but such infirmity is not reflected upon the face of the exemplified record." *Anglin,* 86 Nev. at 73, 464 P.2d at 506. This court then held that under such circumstances, "that infirmity is to be established through an appropriate proceeding in the state where the conviction occurred and not otherwise. Until it is thus established the forum court may rely upon the exemplified record." *Id.*

The apparent requirement in *Anglin* that a judgment of conviction valid on its face be challenged, if at all, in a separate proceeding is too harsh. Instead, as noted in the authorities cited above, a defendant must be afforded an opportunity in any proceeding in which a prior judgment of conviction is offered for enhancement purposes to challenge the constitutional validity of the prior conviction. We do not believe that the language employed in *Anglin* was intended to prevent a criminal defendant from challenging in the action in which a prior judgment of conviction is offered the constitutional sufficiency of that prior judgment. To the extent that *Anglin* can be so read, it is specifically disapproved.

In Halbower v. State, 96 Nev. 210, 606 P.2d 536 (1980), this court considered the case of a defendant adjudicated a habitual criminal on the basis of five prior felony convictions. This court reversed, in part, because the record of one of appellant's prior convictions showed that Halbower appeared in proper person, and the state did not show that there was a valid waiver of the right to an attorney. "Under these circumstances, where the records upon their face demonstrate absence of counsel, the burden is upon the state to show that the right to an attorney was validly waived . . . ." *Id.* at 212, 606 P.2d at 538. In shifting the burden of proof to the state only after the record of a prior conviction affirmatively raised the possibility of a constitutional infirmity, *Halbower* is consistent with *Anglin*.

In Scott v. State, 97 Nev. 318, 630 P.2d 257 (1981), a criminal defendant challenged two prior convictions used to impeach his testimony in a subsequent case.[4] The record of one of the prior convictions recited that "the defendant in open Court, in person, pleaded guilty to the charge of Burglary." *Id.* at 319, 630 P.2d at 258. The record of the other prior conviction reflected the presence of appellant but did not reflect the presence of counsel for appellant. Neither judgment of conviction affirmatively demonstrated a waiver of the right to counsel. In reversing the defendant's judgment of conviction, this court stated, "[w]e have heretofore said that a 'court may not rely upon the exemplified record, either to impeach or enhance punishment, when a constitutional infirmity *appears from the face of the record.*' Anglin v. State, 86 Nev. 70, 73, 464 P.2d 504 (1970); *see* Halbower v. State, 96 Nev. 210, 606 P.2d 536 (1980)." *Scott,* 97 Nev. at 319, 630 P.2d at 258 (emphasis added). Thus, the specific holding of *Scott* is consistent with *Anglin* and its progeny.[5]

Finally, in Koenig v. State, 99 Nev. 780, 672 P.2d 37 (1983), this court considered the question of the sufficiency of the documentation required to be produced by the state before it could use a prior *misdemeanor* conviction for enhancement purposes. *Koenig* did not involve the use of a prior felony conviction for enhancement purposes, and this court announced no standards with respect to the burden of proof when a prior felony conviction is offered for enhancement purposes. Nevertheless, the following dicta from *Koenig* has apparently led to some confusion:

---

[4]It must be kept in mind, of course, that *Scott* is not an enhancement case. The prior convictions in *Scott* were used for impeachment.

[5]Unfortunately, some language in *Scott* could be read as requiring the state to affirmatively show the presence of counsel and that the prior convictions based on guilty pleas were constitutionally obtained. Such a reading of *Scott* is not required by the facts of *Scott,* and is inconsistent with the specific holding of *Scott.*

> This Court, following the lead of the U.S. Supreme Court, has set forth requirements for a guilty plea to be constitutionally tendered. In Scott v. State, 97 Nev. 318, 630 P.2d 257 (1981), Halbower v. State, 96 Nev. 210, 606 P.2d 536 (1980), and Anglin v. State, 86 Nev. 70, 464 P.2d 504 (1970), we held that in felony cases, an official court record must exist showing that the defendant was apprised of his constitutional rights, understood and waived them, that there were no threats or promises that induced the guilty plea, that the defendant understood the consequences of the plea in terms of the range of punishment and understood the elements of the offense or made factual admissions evincing commission of the offense. *See also* Hanley v. State, 97 Nev. 130, 624 P.2d 1387 (1981); NRS 174.035.

*Koenig,* 99 Nev. at 788-89, 672 P.2d at 42-43.

*Hanley,* relied on by this court in *Koenig,* contains a list of things which a plea canvass should affirmatively show in order for a felony judgment of conviction to pass constitutional scrutiny.[6] The quoted language from *Koenig,* above, is essentially a paraphrase of the *Hanley* list.

*Hanley,* however, did not deal with the use of prior convictions in the context of enhancing a later sentence. *Hanley* dealt with the issue of a collateral attack on a conviction obtained through a guilty plea by a defendant who wished to have that guilty plea set aside. Thus, the burden of proof was clearly on the defendant, and the defendant failed to carry that burden because the record of the proceeding demonstrated that the plea was valid. Nothing in *Hanley* purported to place on the state the burden of proving that a prior judgment of conviction offered for enhancement purposes was obtained as a result of a knowing and voluntary waiver of all the constitutional rights enumerated in *Hanley* and *Koenig.*

By reading the *Hanley* requirements into *Anglin, Halbower,* and *Scott,* this court's opinion has been read by some, including the parties to this action, as placing on the state the initial burden of proving the validity of prior convictions offered for enhancement purposes. *Koenig* placed no such burden on the state. The language of *Koenig* is correct, in that it states what must be proven in a contested case involving the use of a prior felony conviction for enhancement purposes. *Koenig* does not, however, shift to the state the defendant's initial burden of demonstrating a constitutional infirmity in a presumptively valid judgment of

---

[6]This court has replaced the formally structured analysis of *Hanley* in reviewing the validity of a felony conviction on collateral attack with an approach that focuses on the state of the record as a whole. *See* Bryant v. State, 102 Nev. 268, 721 P.2d 364 (1986).

conviction. As noted above, the state's burden to go forward with evidence to prove the validity of a prior felony judgment of conviction does not arise until the defendant has presented sufficient evidence to rebut the presumption of validity afforded all judgments of conviction.

Consequently, in *Koenig* we held, because of the informal nature of the prosecution of misdemeanor cases, that the stringent standard of review used in felony cases should not apply in misdemeanor cases. We further held that, in order to rely on a prior misdemeanor judgment of conviction for enhancement purposes, the state had the burden of proving either that the defendant was represented by counsel or validly waived that right, and that the spirit of constitutional principles was respected in the prior misdemeanor proceedings. Although *Koenig* is silent with respect to when the state's burden of proof arises, *i.e.*, initially or only after a defendant has rebutted the presumption of validity of a judgment of conviction, we have subsequently, consistently required the state to initially shoulder this burden when relying on a prior misdemeanor conviction for enhancement purposes. *See, e.g.,* Pettipas v. State, 106 Nev. 377, 794 P.2d 705 (1990).

We conclude, therefore, that *Koenig* sets out the proper standard for the use of prior misdemeanor convictions in enhancing the punishment for a subsequent offense. To the extent that *Koenig* places a slightly higher burden of proof on the state in using misdemeanor convictions, this higher burden of proof is justified by the fact that a misdemeanor conviction is generally not viewed with the same gravity as a felony conviction. Thus, misdemeanor convictions are routinely entered without the benefit of counsel; a rare occurrence in felony cases. Accordingly, we feel it appropriate in misdemeanor cases to require the state to affirmatively show either that counsel was present or that the right to counsel was validly waived, and that the spirit of constitutional principles was respected in the prior misdemeanor proceedings before the record of the prior misdemeanor may be used for enhancement purposes.

The use of prior felony convictions for enhancement purposes is governed by a different standard. Consistent with established Nevada law, in order to use a prior felony conviction for enhancement purposes, the state's initial burden of production shall be satisfied if the state presents *prima facie* evidence of the existence of the prior conviction. *See* NRS 207.010(8); Pettipas v. State, 106 Nev. 377, 794 P.2d 705 (1990). Such evidence of a prior conviction shall be admitted for enhancement purposes so long as the record of that conviction does not, on its face, raise a

presumption of constitutional infirmity. If the record raises a presumption of constitutional infirmity, the state must present evidence to prove by a preponderance that the prior conviction was constitutionally obtained.[7]

If the record does not raise a presumption of constitutional infirmity, the defendant is nonetheless free to present evidence tending to rebut the presumption of regularity afforded to a criminal conviction. If a defendant can establish, by a preponderance of the evidence, that the prior conviction is constitutionally infirm, then that conviction may not be used to enhance the defendant's sentence. *See, e.g.,* Crawford v. State, 107 Nev. 345, 811 P.2d 67 (1991) (a court may not rely on an exemplified record, either to impeach or enhance punishment, when a constitutional infirmity appears from the face of the record; the burden of showing that the document is constitutionally infirm is on the party disclaiming admissibility).

In the instant case, no constitutional infirmity appears on the face of appellant's prior Douglas County conviction, either under our prior holdings or under the holding announced today. The record demonstrates, for example, that appellant was represented by counsel throughout the Douglas County proceedings. Further, appellant made no attempt in the district court to show that his prior conviction had not been constitutionally obtained. Instead, appellant simply argued that the state had not proved that appellant's prior conviction had been constitutionally obtained. Thus, appellant failed in the district court to rebut the presumption that the prior conviction was constitutionally obtained. Therefore, the district court properly relied on the record of this conviction in enhancing appellant's sentence. Accordingly, we affirm in all respects the judgment of conviction.

---

[7]The appropriate standard of review in evaluating the validity of a prior felony conviction pursuant to a guilty plea is set forth in our opinion in *Bryant.*