BOB GOODSON, Appellant, v. THE
STATE OF NEVADA, Respondent.

No. 32701

December 29, 1999                                    991 P.2d 472

*Law Offices of Richard F. Cornell,* Reno, for Appellant.

*Frankie Sue Del Papa,* Attorney General, Carson City; *Gary D. Woodbury,* District Attorney, and *Robert J. Lowe,* Deputy District Attorney, Elko County, for Respondent.

Before MAUPIN, SHEARING and BECKER, JJ.

---

## OPINION[1]

*Per Curiam:*

Appellant Bob Goodson was convicted of a felony count of driving while under the influence of alcohol (DUI). His conviction was enhanced to a felony based in part on a prior misdemeanor DUI conviction which resulted from a trial before a nonlawyer justice of the peace. Goodson contends that that trial violated the spirit of constitutional principles and the resulting conviction was therefore invalid for enhancement purposes.

### FACTS

In the early morning on August 2, 1997, Deputy Sheriff Carl W. Cox, Jr., observed a vehicle traveling north on State Route 227 toward Elko. The vehicle crossed the fog line by at least a foot and travelled that way for about 100 yards. The deputy stopped the vehicle and administered field sobriety tests to the driver, Goodson. Goodson failed the tests and was arrested. Two breath tests were administered to Goodson at the sheriff's office, and the results showed that he had a blood alcohol content of .11 percent.

Goodson was charged with felony DUI. Before trial, he moved the district court to declare unconstitutional one of his prior DUI convictions, a 1997 misdemeanor conviction in the Elko Township Justice Court. The court eventually denied the motion.

Goodson was tried in May 1998, and the jury found him guilty. The district court entered judgment accordingly, sentencing him to twelve to thirty months in prison and fining him $2,000.00.

### DISCUSSION

Goodson asserts that his misdemeanor DUI trial before a nonlawyer justice of the peace in 1997 violated the spirit of constitutional principles and therefore that the resulting conviction was invalid for enhancement purposes. This court requires the state to show "that the spirit of constitutional principles was respected in the prior misdemeanor proceedings before the record of the prior

---

[1]We originally dismissed this appeal in an unpublished order on August 18, 1999. On October 21, 1999, the state filed a motion to publish the order. Cause appearing, we grant the state's motion and publish this opinion in place of our prior unpublished order.

misdemeanor may be used for enhancement purposes.'' Dressler v. State, 107 Nev. 686, 697, 819 P.2d 1288, 1295 (1991). The state does not dispute Goodson's assertion that the Elko justice of the peace who found him guilty of misdemeanor DUI in 1997 was not a lawyer, nor does Goodson claim that any error occurred in the 1997 proceeding.

The Nevada Constitution provides that the legislature shall determine the qualifications of justices of the peace and how appeals may be taken from the justice courts. Nev. Const. art. 6, § 8. The legislature has decided that justices of the peace in rural areas and municipal judges need not be lawyers. *See* NRS 4.010(2); NRS 5.020. However, justices of the peace and municipal judges are required to receive instruction in court procedure and substantive law after they take office and in developments in the law approximately once each year. NRS 4.035-.036; NRS 5.025-.026. A criminal defendant may appeal from a judgment in the justice court to the district court, where the appeal is judged on the record. NRS 189.010; NRS 189.050; *see also* NRS 177.015(1)(a). District courts ''have final appellate jurisdiction in cases arising in Justices Courts and such other inferior tribunals as may be established by law.'' Nev. Const. art. 6, § 6, cl. 1.

Jurisdictions have split in deciding the issue raised by Goodson. Some state courts have concluded that permitting nonlawyer judges to preside over criminal trials for offenses punishable by jail sentences may violate due process and, in some cases, the right to counsel. *See, e.g.,* Gordon v. Justice Court for Yuba J. D. of Sutter Cty., 525 P.2d 72, 75-79 (Cal. 1974); In re Judicial Interpretation of 1975 Senate Enrolled Act No. 441, 332 N.E.2d 97 (Ind. 1975). Other courts have held that judges presiding over criminal trials in courts of limited jurisdiction need not be attorneys. *See, e.g.,* People v. Sabri, 362 N.E.2d 739, 741-44 (Ill. App. Ct. 1977); Ex Parte Ross, 522 S.W.2d 214, 219-20 (Tex. Crim. App. 1975); State ex rel. Moats v. Janco, 180 S.E.2d 74, 77-78 (W. Va. 1971). The Florida Supreme Court took an intermediate position, holding that judges presiding over criminal misdemeanor trials need not be attorneys but need to have completed an extensive program in legal education. Treiman v. State ex rel. Miner, 343 So. 2d 819 (Fla. 1977).

The United States Supreme Court has addressed ''whether an accused, subject to possible imprisonment, is denied due process when tried before a nonlawyer police court judge with a later trial *de novo* available.'' North v. Russell, 427 U.S. 328, 329 (1976). The Court held that such a trial violates neither ''the due process

or equal protection guarantees of the Constitution of the United States." *Id.* at 339.

*North* left open the question whether such a trial is constitutional absent the availability of a trial *de novo* on appeal. *See id.* at 334. However, we doubt that the Supreme Court would deem it a violation of due process. The Court in *North* quoted from Shadwick v. City of Tampa, 407 U.S. 345, 353-54 (1972): " '[O]ur federal system warns of converting desirable practice into constitutional commandment. It recognizes in plural and diverse state activities one key to national innovation and vitality. States are entitled to some flexibility and leeway . . . .' " *Id.* at 338 n.6. More recently, the Court has stated:

> Of course, most questions concerning a judge's qualifications to hear a case are not constitutional ones, because the Due Process Clause of the Fourteenth Amendment establishes a constitutional floor, not a uniform standard. Instead, these questions are, in most cases, answered by common law, statute, or the professional standards of the bench and bar. But the floor established by the Due Process Clause clearly requires a "fair trial in a fair tribunal," *Withrow v. Larkin,* 421 U.S. 35, 46 (1975), before a judge with no actual bias against the defendant or interest in the outcome of his particular case.

Bracy v. Gramley, 520 U.S. 899, 904-05 (1997) (citations omitted).

We therefore conclude that it is not a matter of federal constitutional concern whether Nevada justices of the peace who preside over criminal trials are attorneys. We also conclude that the Nevada Constitution is not offended by this practice.

In a 1987 decision holding that DUI defendants in municipal courts have no right to a jury trial, this court expressed great satisfaction with Nevada's cadre of lay judges and discussed at length the need for and advantages of such judges. Blanton v. North Las Vegas Mun. Ct., 103 Nev. 623, 635-36, 748 P.2d 494, 502 (1987), *aff'd,* 489 U.S. 538 (1989). That discussion applies as well to this case and the issue before us.

## *CONCLUSION*

We conclude that it is constitutional for nonlawyer justices of the peace, instructed pursuant to statutory mandates, to preside

over criminal misdemeanor trials.[2] We therefore affirm the judgment of conviction.

---

[2]Goodson raises two other contentions which we reject. First, he maintains that the district court erred in not striking venire members exposed to a newspaper report on his case. A district court must employ adequate procedural safeguards against the possible prejudicial effect of news accounts to protect a defendant's right to a fair and impartial jury trial. Crowe v. State, 84 Nev. 358, 363-64, 441 P.2d 90, 93 (1968). The court has large discretion in ruling on the issue of possible prejudice resulting from such accounts. *Id.* We conclude that the district court provided adequate safeguards in this case. *See also* NRS 16.050(1)(f); Snow v. State, 101 Nev. 439, 445-46, 705 P.2d 632, 637-38 (1985).

Goodson also objects on several grounds to the admission of a transcript of an audio recording of statements he made during the traffic stop in this case. The transcript was admitted under NRS 51.035(3)(a), which provides that a party's own statement offered against the party is not hearsay, after the district court received uncontroverted evidence that it was a fair and accurate transcription of the audio recording. Goodson did not clearly raise any of his objections with the district court, and none reflect plain or constitutional error which we will consider on appeal. *See* Walch v. State, 112 Nev. 25, 34, 909 P.2d 1184, 1189 (1996).