An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

ROBERT JAMES WALSH,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 66107

**FILED**

OCT 1 6 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of one count of trafficking in a schedule I controlled substance in excess of 28 grams (methamphetamine). Fifth Judicial District Court, Nye County; Kimberly A. Wanker, Judge.

Appellant Robert James Walsh first argues that the district court violated his right to due process when it failed to notify him of the State's intent to seek habitual criminal treatment. Because he did not object below, we review Walsh's claim for plain error. *LaChance v. State*, 130 Nev., Adv. Op. 29, 321 P.3d 919, 928 (2014). We must therefore determine "whether there was error, whether the error was plain or clear, and whether the error affected the defendant's substantial rights." *Id.* (internal quotations omitted). Walsh has not demonstrated error that is plain from the record, because it is the State, not the district court, who bears the burden of notifying defendants of the intent to seek habitual criminal treatment. *See* NRS 207.010(2) (providing that habitual criminal treatment is sought via documents that are filed by the State); *see also LaChance*, 130 Nev., Adv. Op. 29, 321 P.3d at 928 (stating that no preliminary hearing or arraignment is necessary for habitual criminal

SUPREME COURT
OF
NEVADA

(O) 1947A

15-31493

treatment, thereby suggesting that the district court has no duty regarding notice of such treatment). Moreover, Walsh has failed to demonstrate that his substantial rights were violated, because he admits that he was aware the State was seeking such treatment. *See LaChance*, 130 Nev., Adv. Op. 29, 321 P.3d at 928 ("[T]he clear purpose of NRS 207.010(2) is to ensure that the defendant has notice that the State will request habitual criminal adjudication."). He acknowledges that written notice was served on his attorney and states that he was personally made aware of the State's intent during his jury trial. Accordingly, Walsh has failed to demonstrate that the district court committed plain error in regard to the habitual criminal notification.[1]

Walsh next argues that the district court erred in accepting certified judgments of conviction as proof of two of his prior convictions in support of the habitual criminal adjudication, because the State's notice of intent to seek habitual criminal treatment also included for the same two prior cases guilty plea agreements that did not appear to be properly executed. Again, because he did not object below, we review Walsh's claim for plain error. *LaChance*, 130 Nev., Adv. Op. 29, 321 P.3d at 928. Walsh has not demonstrated error that is plain from the record. The certified judgments of conviction are prima facie evidence of the prior convictions, NRS 207.016(5), and they are facially constitutional as they indicate that

---

[1]Walsh contends for the first time in his reply brief that the State did not comply with statutory procedure because it filed a notice of intent to seek habitual criminal treatment instead of amending the information. *See* NRS 207.010(2). Because this argument was not raised in Walsh's opening brief, we do not consider it. *See* NRAP 28(c) (providing that a reply brief "must be limited to answering any new matter set forth in the opposing brief").

Walsh was represented by counsel and was convicted of a felony in each case, *see Dressler v. State*, 107 Nev. 686, 698, 819 P.2d 1288, 1296 (1991). Any irregularity in the signatures in accompanying guilty plea agreements does not rebut that presumption of validity. Moreover, Walsh has failed to demonstrate that his substantial rights were violated as he does not dispute that the judgments of conviction are accurate or that he was represented by counsel. Accordingly, Walsh has failed to demonstrate that the district court committed plain error in regard to the habitual criminal adjudication.

Walsh next argues that the district court improperly admitted testimony about the results of narcotics field testing because it did "not meet the applicable 'general acceptance' standard for the admission of expert testimony" as set forth in *Frye v. United States*, 293 F. 1013 (D.C. Cir. 1923). Trial counsel objected to the testimony, but on different grounds. Accordingly, we review Walsh's claim for plain error. *See Grey v. State*, 124 Nev. 110, 120, 178 P.3d 154, 161 (2008). Walsh has not demonstrated error that is plain from the record. First, the testimony was not "expert" testimony, because the record indicates that it was admitted for the purpose of establishing why the witness submitted the substance to the forensic laboratory for further testing, and not as "scientific, technical or other specialized knowledge" introduced to "assist the trier of fact to understand the evidence or to determine a fact in issue." NRS 50.275 (defining expert testimony). Second, even if it were expert testimony, NRS 50.275, not *Frye*, would govern its admissibility. *Higgs v. State*, 126 Nev., Adv. Op. 1, 222 P.3d 648, 659 (2010); *Santillanes v. State*, 104 Nev. 699, 704 n.3, 765 P.2d 1147, 1150 n.3 (1988). Moreover, Walsh has failed to demonstrate that his substantial rights were violated because the forensic

scientist, who was qualified as an expert in the identification of controlled substances, testified shortly thereafter as to her methodology and conclusions, which confirmed the results of the narcotics field test.

Finally, Walsh argues in his reply brief that the prosecutor committed repeated acts of misconduct. Because this argument was not raised in Walsh's opening brief, we do not consider it. *See* NRAP 28(c).

Having reviewed the claims Walsh raised in his opening brief, we conclude they are without merit for the foregoing reasons. Accordingly, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Saitta

_____, J.
Gibbons

_____, J.
Pickering

cc:  Hon. Kimberly A. Wanker, District Judge
     David H. Neely, III
     Attorney General/Carson City
     Nye County District Attorney
     Nye County Clerk