# IN THE SUPREME COURT OF THE STATE OF NEVADA

HAROLD EDWARDS,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 76590

FILED

MAR 15 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is a pro se appeal from a district court order denying a postconviction petition for a writ of habeas corpus.[1] Eighth Judicial District Court, Clark County; Douglas Smith, Judge.

In his March 6, 2017, petition, appellant claimed: (1) the habitual criminal adjudication violated his due process rights, (2) the district court did not let him argue at sentencing or address errors in the presentence investigation report, (3) the State improperly filed a notice of intent to seek habitual criminal adjudication instead of amending the information to include a count of habitual criminality, (4) the district court abused its discretion in denying his presentence motion to withdraw a guilty plea, (5) the prosecution was vindictive and the prosecutor committed

---

[1]Having considered the pro se brief filed by appellant, we conclude that a response is not necessary. NRAP 46A(c). This appeal therefore has been submitted for decision based on the pro se brief and the record. *See* NRAP 34(f)(3).

SUPREME COURT
OF
NEVADA

(O) 1947A

19-11556

misconduct, and (6) the large habitual criminal adjudication constituted cruel and unusual punishment. These claims fell outside the scope of claims permissible in a postconviction petition for a writ of habeas corpus challenging a judgment of conviction based on a guilty plea. *See* NRS 34.810(1)(a). And contrary to appellant's assertions, the appeal-waiver language in the guilty plea agreement permitted appellant to challenge his conviction through a postconviction petition but only in compliance with the procedural rules set out in NRS chapter 34. Because these claims exceed the scope of the petition, the district court did not err in rejecting them.

Next, appellant claims that he received ineffective assistance of trial counsel.[2] To prove ineffective assistance of counsel sufficient to invalidate a judgment of conviction based on a guilty plea, a petitioner must demonstrate that his counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that there is a reasonable probability that, but for counsel's errors, petitioner would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985); *Kirksey v. State*, 112 Nev. 980, 988, 923 P.2d 1102, 1107 (1996). Both components of the inquiry must be shown. *Strickland v. Washington*, 466 U.S. 668, 697 (1984). We give deference to the court's factual findings if supported by substantial evidence and not clearly erroneous but review the court's application of the law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005).

---

[2]We note that appellant represented himself at the sentencing hearings.

Appellant claims that trial counsel failed to meaningfully investigate his claim of innocence and prepare for trial. Appellant asserts that counsel did not file a discovery motion, did not file a timely motion to consolidate cases, delayed in filing a motion to access the crime scene, and visited him only a couple of times. Appellant fails to demonstrate that his trial counsel's performance was deficient because he did not identify what information trial counsel would have discovered with a more thorough or timely investigation. *See Molina v. State*, 120 Nev. 185, 192, 87 P.3d 533, 538 (2004). Consequently, appellant did not demonstrate a reasonable probability that he would have gone to trial absent trial counsel's performance. We further note that appellant's stated dissatisfaction with the timing of the motion to consolidate is that he would have preferred to have this case transferred to a different department and not that he would have insisted on going to trial. Thus, the district court did not err in denying these claims.

Appellant next claims that trial counsel was ineffective for allowing him to plead guilty and stipulate to habitual criminal status without reviewing the prior convictions. Appellant argues that the prior convictions were constitutionally infirm because two of the prior convictions did not list the name of the attorney, two of the prior convictions were prosecuted in the same information, and one of the prior convictions was not a felony in Nevada. Appellant fails to demonstrate that his trial counsel's performance was deficient because the three prior convictions that

were submitted for consideration,[3] involving three separate judgments of conviction, were constitutionally valid on their face and appellant failed to rebut the presumption of constitutional firmity. *See* NRS 207.010(1)(b) (setting forth that a prior conviction may be considered a felony when it is a felony in this state or in the situs state); NRS 207.016(5) (stating that a certified copy of a felony conviction is prima face evidence of conviction of a prior felony); *Dressler v. State*, 107 Nev. 686, 693, 819 P.2d 1288, 1292-93 (1991) (recognizing that a judgment of conviction is entitled to a presumption of regularity and holding that after the State has presented valid records of a judgment of conviction which do not, on their face, raise a presumption of constitutional infirmity, it is the defendant's burden to establish by a preponderance of the evidence that the conviction is constitutionally infirm). No authority requires the specific name of an attorney appear in the documents in order to establish that a defendant was represented by counsel in the prior proceedings. Appellant further fails to demonstrate a reasonable probability that he would have insisted on going to trial absent counsel's alleged error given the benefit he received, a stipulation to the least harsh sentence under NRS 207.010(1)(a), the dismissal of two other cases, and the agreement to run the sentence in this case concurrently with another district court case. Therefore, the district court did not err in denying this claim.

---

[3]The district court heard appellant's argument challenging the validity of the prior convictions and continued sentencing for an examination of the facial validity of the prior convictions.

Appellant next claims that trial counsel coerced his guilty plea by informing him that no one would believe his story and the district court could sentence him to life without the possibility of parole. Appellant also complains that he was not presented sufficient time to consider the offer. The record does not support appellant's contention that his plea was coerced or involuntarily entered. It is not deficient for trial counsel to inform a client of the maximum possible sentence. During the plea canvass, appellant affirmatively acknowledged that his plea was entered voluntarily and that he was not acting under duress or coercion. Therefore, the district court did not err in denying this claim. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Stiglich

_____, J.
Silver

cc:     Hon. Douglas Smith, District Judge
        Harold Edwards
        Attorney General/Carson City
        Clark County District Attorney
        Eighth District Court Clerk