IN THE SUPREME COURT OF THE STATE OF NEVADA

MANUEL DANA DEVINNEY,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 77746

FILED

SEP 18 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of felony driving under the influence with one or more prior felony DUI convictions.[1] Fourth Judicial District Court, Elko County; Alvin R. Kacin, Judge.

Appellant argues that his 1991 Idaho felony DUI conviction was constitutionally infirm, and consequently, it should not have been used to enhance the instant DUI conviction pursuant to NRS 484C.410. Specifically, appellant argues that his guilty plea was invalid due to insufficient notice of the charges and the consequences of the plea. We disagree.

The State presented prima facie evidence of the prior conviction. The district court found that appellant failed to rebut the presumption of regularity afforded the prior felony DUI conviction by demonstrating that it was constitutionally infirm. *See Dressler v. State*, 107 Nev. 686, 697-98, 819 P.2d 1288, 1295-96 (1991). The district court also found that appellant was represented by counsel and the spirit of constitutional principles was respected in the earlier proceeding. *See*

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

20-34478

*Davenport v. State*, 112 Nev. 475, 477-78, 915 P.2d 878, 880 (1996). The record supports the district court's findings. Appellant's answers in the guilty plea questionnaire did not show that the 1991 plea was invalid, particularly when he completed the questionnaire before entering his guilty plea in the earlier DUI proceeding and he was represented by counsel in that proceeding. And in the same questionnaire, appellant indicated that he understood the charges and the consequences of his guilty plea. Appellant likewise did not demonstrate that the questionnaire proved ineffective assistance of counsel in the 1991 proceedings, and thus, he failed to carry his burden of demonstrating constitutional infirmity. *See generally Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985). Therefore, we conclude that the district court did not err by admitting the prior felony DUI conviction for enhancement purposes, and we

ORDER the judgment of conviction AFFIRMED.[2]

_____, J.
Parraguirre

_____, J.          _____, J.
Hardesty                              Cadish

cc:    Hon. Alvin R. Kacin, District Judge
       Elko County Public Defender
       Attorney General/Carson City
       Elko County District Attorney
       Elko County Clerk

---

[2]Given our disposition, we need not reach appellant's argument relating to the validity of a misdemeanor DUI conviction.