GORDON ELLIS ATTEBERRY, APPELLANT, v.
STATE OF NEVADA, RESPONDENT.

No. 5430

March 18, 1968                                    438 P.2d 789

---

*Robert L. Reid,* of Las Vegas, for Appellant.

*Harvey Dickerson,* Attorney General, *John G. Spann,* Deputy Attorney General, Carson City, for Respondent.

# OPINION

By the Court, COLLINS, J.:

This appeal attacks the constitutionality of the Registration of Convicted Persons Act (NRS 207.080 to 207.150). Appellant contends its enforcement against him violates his federal and state constitutional rights. The trial court upheld the act. We affirm that decision.

Appellant, James Ellis Atteberry, is admittedly a convicted person required to register under the act. He had once registered with the sheriff of Clark County. He failed, however, to notify the sheriff of his change of residence from one place in Clark County to another and was arrested.

Appellant contends NRS §§ 207.090 and 207.100[1] violate

---

[1]207.090. "1. It shall be unlawful for any convicted person to be or remain in the State of Nevada for a period of more than 48 hours without, during such 48-hour period, registering with the sheriff of any county or the chief of police of any city in the manner hereinafter prescribed.

"2. Any convicted person who does not reside in the State of Nevada but who has a temporary or permanent place of abode outside the State of Nevada, and who comes into the state on five occasions or more during any 30-day period, shall be subject to the provisions of NRS 207.080 to 207.150, inclusive.

"3. Any person who has once registered as a convicted person, with the sheriff of any county or the chief of police of any city, shall not be required to register again, except as provided in NRS 207.100; but any person convicted of any of the crimes enumerated in paragraph (d) of subsection 1 of NRS 207.080 shall register as provided in this section, regardless of whether he has previously so registered as a convicted person by reason of his conviction of some crime other than those enumerated in paragraph (d) of subsection 1 of NRS 207.080.

"4. Every person required by this section to register shall do so by filing with the sheriff or chief of police a statement in writing, signed by such person, upon a form prescribed and furnished by the sheriff or chief of police, giving the following information:

"(a) His true name and all aliases which he has used or under which he may have been known.

"(b) A full and complete description of his person.

"(c) The kind, character and nature of each crime of which he has been convicted.

"(d) The place where each of such crimes was committed and the place or places of conviction.

"(e) The name under which he was convicted in each instance and the date thereof.

"(f) The name, if any, and the location of each prison, reformatory,

his privilege against self-incrimination under Article 1, section 8, of the Nevada Constitution, the Fifth Amendment made binding upon the states through the Fourteenth Amendment of the United States Constitution and his right to freedom and equality guaranteed by Article 1, section 1, of the Nevada Constitution.

More specifically, appellant complains that by registering under the act he is compelled to make disclosures and provide information under threat of fine or imprisonment which might tend to incriminate him under the Nevada Habitual Criminal Act (NRS 207.010). He argues the information he is required to disclose by registration supplies investigatory leads to the police and constitutes incriminating information about himself which would be admissible in a subsequent criminal prosecution. As his principal authority for these contentions, he cites Albertson v. Subversive Activities Control Board, 382 U.S. 70 (1965), and Tehan v. United States ex rel. Shott, 382 U.S. 406 (1966). None of these contentions is sound.

---

jail or other penal institution in which he was confined or to which he was sentenced.

"(g) The location and address of his residence, stopping place, living quarters or place of abode, and if more than one residence, stopping place or place of abode, that fact must be stated and the location and address of each given.

"(h) A statement of the kind of residence, stopping place, or place of abode in which he resides, whether the same is temporary or permanent; that is, whether the same is a private residence, hotel, apartment house or other building or structure.

"(i) The length of time he has occupied each such place of residence, stopping place or place of abode; and the length of time he expects or intends to remain in the State of Nevada.

"(j) Such other and further information as may be required by the sheriff or chief of police for the purpose of aiding and assisting in carrying into effect the provisions and intent of NRS 207.080 to 207.150, inclusive."

207.100. "Any convicted person, except a nonresident, who is required to register under the provisions of NRS 207.080 to 207.150, inclusive, who changes his place of residence, stopping place or place of abode, shall, within 48 hours after such change, and any nonresident mentioned in subsection 2 of NRS 207.090 who has registered and changes his place of residence, stopping place or place of abode, shall, upon his next entry into the state after such change, notify the sheriff or chief of police of such fact and furnish to such sheriff or chief of police the address of his new residence, stopping place or place of abode in the same manner and with the same detailed information as is required in the filing of the original statement under the provisions of NRS 207.090."

We have held that a proceeding under the Habitual Criminal Act does not charge a separate substantive crime, but is an averment of fact which affects punishment. State v. Bardmess, 54 Nev. 84, 7 P.2d 817 (1932); Lisby v. State, 82 Nev. 183, 414 P.2d 592 (1966); Hollander v. State, 82 Nev. 345, 418 P.2d 802 (1966); Howard v. State, 83 Nev. 53, 422 P.2d 548 (1967); Hardison v. State, 84 Nev. 123, 437 P.2d 872 (1968). Prima-facie proof of prior convictions in a habitual criminal proceeding may be by exemplified copy of convictions (NRS 207.010(6)), together with proof of an unusual name (Hollander v. State, supra); and additionally, certified fingerprint cards and photographs from penal institutions (Plunkett v. State, 84 Nev. 145, 437 P.2d 92 (1968). The burden of proof in such a proceeding continues to remain with the state, and it must be beyond a reasonable doubt. Hollander v. State, supra; Howard v. State, supra. The hearing is procedural, and does not increase punishment for the principal offense. It allows increased punishment for a recidivist. Howard v. State, supra.

We do not feel the rules announced by the United States Supreme Court in Albertson v. Subversive Activities Control Board, supra; Haynes v. United States, 390 U.S. 85 (1968); Marchetti v. United States, 390 U.S. 39 (1968); or Grosso v. United States, 390 U.S. 62 (1968), apply to this case. We fail to see where the information required to be disclosed by the Nevada statutes in question per se incriminates the registrant. Cf. Albertson v. Subversive Activities Control Board, supra. Nor has appellant shown any circumstances which would justify his raising his privilege against self-incrimination as a defense. Cf. United States v. Sullivan, 274 U.S. 259 (1927); Marchetti v. United States, supra; Haynes v. United States, supra; Grosso v. United States, supra. The disclosure required by the act is merely a compilation of former convictions already publicly recorded in the jurisdiction where obtained. Lambert v. California, 355 U.S. 225 (1957). Moreover, this information is always available through fingerprints from the extensive criminal identification files of the FBI and various state agencies.

Due process requirements were clearly satisfied in that appellant knew of his duty to register. Lambert v. California, supra. He had once previously registered under the act in

Clark County. He was prosecuted in this case for failing to advise of his subsequent change of address within the county.

Appellant has failed to demonstrate by authority or argument how his rights under Article 1, section 1, of the Nevada Constitution have been violated by the enactment.

The registration requirement of the act is no doubt a valuable tool in the hands of the police, because it gives them a current record of the identity and location of ex-felons. On the other hand, we can visualize how the enforcement of the act could be used for "rousting" purposes by the police. That, however, is not the issue before us. It might even be desirable and wise to exempt certain formerly convicted persons from the requirements of registration, i.e., convictions followed by many years of law-abiding conduct. These, and other problems arising from the requirements of the act are, however, properly directed to the legislature for its consideration.

The judgment of the lower court is affirmed.

THOMPSON, C. J., ZENOFF, BATJER, and MOWBRAY, JJ., concur.