DANIEL ROY REZIN, Appellant, *v.* THE STATE
OF NEVADA, Respondent.

No. 10407

June 14, 1979                                    596 P.2d 226

*Norman Y. Herring,* State Public Defender, and *J. Gregory Damm,* Deputy Public Defender, Carson City, for Appellant.

*Richard H. Bryan,* Attorney General, and *Robert A. Bork,* Deputy Attorney General, Carson City, for Respondent.

**OPINION**

By the Court, Manoukian, J.:

A jury found appellant, a prisoner at the Northern Nevada

Correctional Center, guilty of felony possession of several hand rolled cigarettes containing marijuana (NRS 453.336), and pursuant to the habitual criminal statute,[1] the district judge sentenced him to a life term as an habitual offender, the sentence to run consecutively to the terms appellant is presently serving. In this appeal, Rezin contends his penalty as enhanced is improper and that the trial court erred in treating his 1975 conviction of rape and robbery under a two count indictment as two convictions for purposes of applying the recidivist statute.

Although we have not previously had occasion to rule on the matter, we are persuaded that the better rule, followed in a majority of jurisdictions which have considered the issue, is to the effect that where two or more convictions grow out of the same act, transaction or occurrence, and are prosecuted in the same indictment or information, those several convictions may be utilized only as a single "prior conviction" for purposes of applying the habitual criminal statute. State v. Sanchez, 531 P.2d 1229 (N.Mex. App. 1975); State v. Murray, 437 P.2d 816 (Kan. 1968); Ex Parte Huff, 316 S.W.2d 896 (Tex. Crim. App. 1958); and see Annot., 24 A.L.R. 2d 1247 (1952) for a collection of cases on the subject.

Our holding is consistent with the policy and purpose of the

---

[1] NRS 207.010 provides in relevant part:

1. Every person convicted in this state of any crime of which fraud or intent to defraud is an element, or of petit larceny, or of any felony, who has previously been twice convicted, whether in this state or elsewhere, of any crime which under the laws of the situs of the crime or of this state would amount to a felony, or who has previously been three times convicted, whether in this state or elsewhere, of petit larceny, or of any misdemeanor or gross misdemeanor of which fraud or intent to defraud is an element, shall be adjudged to be an habitual criminal and shall be punished by imprisonment in the state prison for not less than 10 years nor more than 20 years.

2. Every person convicted in this state of any crime of which fraud or intent to defraud is an element, or of petit larceny, or of any felony, who has previously been three times convicted, whether in this state or elsewhere, of any crime which under the laws of the situs of the crime or of this state would amount to a felony, or who has previously been five times convicted, whether in this state or elsewhere, of petit larceny, or of any misdemeanor or gross misdemeanor of which fraud or intent to defraud is an element, shall be punished by imprisonment in the state prison for life with or without possibility of parole. If the penalty fixed by the court is life imprisonment with the possibility of parole, eligibility for parole begins when a minimum of 10 years has been served.

\* \* \*

8. Presentation of an exemplified copy of a felony conviction is prima facie evidence of conviction of a prior felony.

recidivist statute. By enacting the habitual criminal statute, the legislature sought to discourage repeat offenders and to afford them an opportunity to reform. The statute provides a special, as well as general, deterrent to recidivism.

Appellant also challenges the use of his 1973 conviction for attempted burglary on the grounds that the State failed to affirmatively demonstrate that he either was represented by counsel or voluntarily waived that right in those proceedings. Hamlet v. State, 85 Nev. 385, 455 P.2d 915 (1969). Indeed, the certified copy of the judgment of conviction does not indicate whether appellant was in fact represented. Accordingly, a hearing on the issue of representation at the 1973 proceedings is required. *Id.*

We therefore remand the case for hearing to determine whether Rezin was represented by counsel in the 1973 proceedings and for resentencing consistent with this opinion.

The remaining issues are without merit.

MOWBRAY, C. J., and THOMPSON, GUNDERSON, and BATJER, JJ., concur.