An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

BILLY WAYNE ROSS,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 61395



FILED

MAY 1 5 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of four counts of burglary, three counts of robbery, and one count of attempted robbery. Eighth Judicial District Court, Clark County; Elissa F. Cadish, Judge.

First, appellant argues that the district court erred by denying his motion to suppress, in which appellant claimed the one-on-one show-up and the photo lineup identifications were unnecessarily suggestive and warranted suppression of the resulting identifications as well as the subsequent in-court identifications. We review the district court's factual findings for clear error and its legal conclusions de novo. *Rosky v. State*, 121 Nev. 184, 190, 111 P.3d 690, 694 (2005).

Because the out-of-court show-up identification was made before any formal charges, we consider, under the totality of the circumstances, whether "'the confrontation conducted in this case was so unnecessarily suggestive and conducive to irreparable mistaken identification that [appellant] was denied due process of law.'" *Jones v. State*, 95 Nev. 613, 617, 600 P.2d 247, 250 (1979) (alteration in original) (quoting *Stovall v. Denno*, 388 U.S. 293, 301-02 (1967) (*overruled on other*

*grounds by Griffith v. Kentucky*, 479 U.S. 314, 326 (1987))). Appellant must demonstrate that the procedure was unnecessarily suggestive and that the resulting identification was unreliable. *See Banks v. State*, 94 Nev. 90, 94, 575 P.2d 592, 595 (1978); *see also Manson v. Brathwaite*, 432 U.S. 98, 114 (1977) (explaining that "reliability is the linchpin").

A one-on-one show-up confrontation between eyewitness and suspect, such as occurred here, is inherently suggestive because it is obvious to the eyewitness that law enforcement officials believe they have apprehended the criminal; however, the confrontation may be justified based on countervailing policy considerations. *Jones*, 95 Nev. at 617, 600 P.2d at 250. While such considerations were present, we conclude that the one-on-one show-up in this case was unnecessarily suggestive.

Despite the unnecessarily suggestive procedure, we conclude that the identification was reliable. *See Gehrke v. State*, 96 Nev. 581, 584, 613 P.2d 1028, 1030 (1980) (discussing the factors that weigh against the corrupting effect of the suggestive procedure). In this instance, the eyewitness had the opportunity to clearly see the robber's face in a well-lit restaurant for an ample amount of time. She also exonerated two other potential suspects shown to her by the police before identifying the appellant and was absolutely certain of her identification just one day after the incident. The reliability of the identification outweighs any possible corrupting effect of the suggestive procedure, and the district court did not err by refusing to suppress the show-up identification and subsequent in-court identifications.

With regard to the photo lineup, we consider the totality of the circumstances to determine whether the procedure was "'so unduly prejudicial as to fatally taint [the defendant's] conviction.'" *Cunningham v.*

Supreme Court
of
Nevada

(O) 1947A

2

*State*, 113 Nev. 897, 904, 944 P.2d 261, 265 (1997) (alteration in original) (quoting *Simmons v. United States*, 390 U.S. 377, 383 (1968)). We have examined the way in which the police performed the photo lineup as well as the photos used and conclude that the procedure was not "'so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification.'" *See id.* (quoting *Simmons*, 390 U.S. at 384). The district court did not err by refusing to suppress the photo lineup identifications and subsequent in-court identifications.

Second, appellant claims that the district court erred in several respects regarding his habitual felon adjudication. Because his two prior felonies, which were filed in the same information, were of similar character and part of a common scheme or plan and because he pleaded to and was sentenced on both charges at the same time, appellant argues that he cannot be a habitual felon under NRS 207.012. We have held "that where two or more convictions grow out of the same act, transaction or occurrence, and are prosecuted in the same indictment or information, those several convictions may be utilized only as a single prior conviction for purposes of applying the habitual criminal statute." *Rezin v. State*, 95 Nev. 461, 462, 596 P.2d 226, 227 (1979) (internal quotation marks omitted). As appellant was convicted of two separate robberies that occurred two months apart at two different locations, we are not convinced that his crimes were part of the same act, transaction, or occurrence and conclude that the district court did not err by adjudicating appellant a habitual felon under NRS 207.012.

Appellant further argues that the district court violated his statutory and due process rights by failing to conduct a hearing and render findings pursuant to NRS 207.016, which requires the court to

conduct a hearing when a defendant denies any previous conviction charged. NRS 207.016(3). Because appellant did not deny the previous convictions, we conclude a hearing was not necessary and the district court did not err.

Appellant also claims that, under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), he was entitled to a jury trial on the habitual offender allegations. We have held that our habitual offender statutes do not violate *Apprendi*, as the court performs no additional fact-finding but, at most, exercises discretion in choosing to adjudicate a defendant a habitual criminal. *See O'Neill v. State*, 123 Nev. 9, 15-17, 153 P.3d 38, 42-43 (2007). We note that NRS 207.012, the habitual felon statute under which appellant was adjudicated, offers no discretion but mandates the imposition of a sentence within the prescribed range if two qualifying felonies are proven. A jury trial on the habitual offender allegation was not warranted; accordingly the district court did not err.

Third, appellant alleges that the district court erred by refusing to proffer the "two reasonable interpretations" jury instruction.[1] When a jury has been properly instructed on reasonable doubt, it is not error to refuse to give an additional instruction on the issue. *Hall v. State*, 89 Nev. 366, 371, 513 P.2d 1244, 1247-48 (1973); *Holland v. United States*, 348 U.S. 121, 139-40 (1954). We conclude that the jury was properly

---

[1]Appellant's proposed jury instruction stated that "[i]f the evidence in this case is susceptible to two constructions or interpretations, each of which appears to you to be reasonable, and one of which points to the guilt of the defendant, and the other to his innocence, it is your duty, under the law, to adopt that interpretation which will admit of the defendant's innocence, and reject that which points to his guilt."

instructed on reasonable doubt and that the district court did not commit error in refusing to give the proposed instruction.

Lastly, appellant argues that cumulative error warrants reversal of his conviction. Because there was no error by the district court, there is no error to cumulate. Accordingly, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Gibbons

_____, J.
Douglas

_____, J.
Saitta

cc:    Hon. Elissa F. Cadish, District Judge
      Clark County Public Defender
      Attorney General/Carson City
      Clark County District Attorney
      Eighth District Court Clerk