**An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.**

## IN THE SUPREME COURT OF THE STATE OF NEVADA

S. M.,
Appellant,
vs.
THE STATE OF NEVADA
DEPARTMENT OF PUBLIC SAFETY,
Respondent.

No. 64634

**FILED**

FEB 06 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

### ORDER OF AFFIRMANCE

This is an appeal from a district court order denying a permanent injunction and dissolving a preliminary injunction. Eighth Judicial District Court, Clark County; Rob Bare, Judge.

### BACKGROUND

This case arises from appellant S.M.'s complaint alleging that A.B. 579 violates the Due Process, Ex Post Facto, and Double Jeopardy Clauses of the United States and Nevada Constitutions. As we have stated before, the Nevada Legislature adopted A.B. 579 to comply with 42 U.S.C. §§ 16901-16962 (2006), or the Sex Offender Registration and Notification Act (SORNA), in order to preserve federal funding. *State v. Eighth Judicial Dist. Court (Logan D.)*, 129 Nev. ___, ___, 306 P.3d 369, 382 (2013). Among other things, A.B. 579 reclassifies sex offenders into one of three tiers based on the crimes they committed, with each tier subjecting an assigned offender to distinct and mandatory reporting requirements and registration periods. *See id.* at ___, 306 P.3d at 374-75.

SUPREME COURT
OF
NEVADA

(O) 1947A

15-04011

Appellant is a sex offender who was convicted in South Carolina in 2000. After serving twelve months in prison, appellant completed two years of supervised release in California. Thereafter, appellant moved to Nevada, registered as a sex offender, and was categorized as a Tier-I offender under Nevada's previous registration scheme. With the enactment of A.B. 579, respondent Nevada Department of Public Safety (DPS) sent appellant a letter notifying him that he would be reclassified as a Tier-II offender under the new statute and, therefore, would be subject to stricter registration and reporting requirements.

Respondent's notification prompted appellant to file a complaint seeking injunctive relief based on his allegation that A.B. 579 is unconstitutional as applied to him. Concurrent with filing his complaint, appellant filed an application for a temporary restraining order and preliminary injunction of the enforcement of A.B. 579. The district court subsequently issued the requested preliminary injunction.

While appellant's case was pending in state court, the United States District Court for the District of Nevada permanently enjoined the enforcement of A.B. 579. *See ACLU v. Masto*, 719 F. Supp. 2d 1258, 1260 (D. Nev. 2008), *rev'd in part, appeal dismissed in part sub nom.*, 670 F.3d 1046 (9th Cir. 2012). The parties in the instant case agreed that the state court's injunction would remain in effect and that their case would be stayed until the final disposition of the federal proceedings. The United States Court of Appeals for the Ninth Circuit reversed the federal district court's decision in 2012. *See ACLU v. Masto*, 670 F.3d 1046 (9th Cir. 2012). One year later, this court rejected a juvenile sex offender's due process and ex post facto challenges to A.B. 579. *Logan D.*, 129 Nev. ___, 306 P.3d 369 (2013).

Based on the recent Nevada Supreme Court and Ninth Circuit decisions, respondent filed a brief in support of dissolving the state district court's existing preliminary injunction prohibiting the enforcement of A.B. 579. In response, appellant filed a brief opposing respondent's request and seeking a permanent injunction of the enforcement of A.B. 579. The district court dissolved the existing preliminary injunction and denied appellant's request for a permanent injunction, concluding that appellant could not show a reasonable likelihood of success on the merits.

## DISCUSSION

We review a district court's decision regarding the issuance or dissolution of a preliminary injunction for abuse of discretion. *See Finkel v. Cashman Prof'l., Inc.*, 128 Nev. ___, ___, 270 P.3d 1259, 1262 (2012). Accordingly, this court will reverse such a decision if based on an incorrect legal standard or clearly erroneous finding of fact. *Boulder Oaks Cmty. Ass'n v. B & J Andrews Enters.*, 125 Nev. 397, 403, 215 P.3d 27, 31 (2009). Questions of law within this context, however, are reviewed de novo. *Id.*

"A preliminary injunction is available when the moving party can demonstrate that the nonmoving party's conduct, if allowed to continue, will cause irreparable harm for which compensatory relief is inadequate and that the moving party has a reasonable likelihood of success on the merits."[1] *Id.* Because statutes are presumed to be valid,

---

[1]Appellant fails to cogently challenge the portion of the district court's order denying his request for a permanent injunction, and therefore, we need not address that issue. *See Maresca v. State*, 103 Nev. 669, 673, 748 P.2d 3, 6 (1987); *see also* NRAP 28(a)(9). Nevertheless, we note that our analysis supports the district court's decision to deny the permanent injunction.

appellant also bears the burden of clearly showing that A.B. 579 is unconstitutional. *Martinez v. Maruszczak*, 123 Nev. 433, 448-49, 168 P.3d 720, 730 (2007). With these standards in mind, we now consider appellant's challenge to the district court's dissolution of the preliminary injunction of A.B. 579 by considering his general assertions that, as applied to him, the law violates the Due Process, Ex Post Facto, and Double Jeopardy Clauses of the United States and Nevada Constitutions.

*Procedural Due Process*

In *Logan D.*, we found that "A.B. 579 imposes registration and community notification requirements on all juveniles age 14 and older who are adjudicated for certain crimes; no additional facts are relevant to the statutory scheme." 129 Nev. at ___, 306 P.3d at 379. We then held that, even assuming A.B. 579 infringed on a liberty interest, the statute did not violate a juvenile defendant's procedural due process because he "is not entitled to procedural due process to prove a fact that is irrelevant under the statute." *Id.* (citing *Conn. Dep't of Pub. Safety v. Doe*, 538 U.S. 1, 7 (2003)) (additional citations omitted). This reasoning was not limited to juvenile sex offenders and, despite appellant's appeal to the contrary, we have never interpreted Nevada's Procedural Due Process Clause, Nev. Const. art. 1 § 8(5), to provide any more protection than its federal counterpart. We therefore conclude that the implementation of A.B. 579 would not violate appellant's procedural due process rights under the United States or Nevada Constitutions.

*Inalienable Rights*

Although appellant's complaint suggests otherwise, the United States Constitution does not contain an Inalienable Rights Clause.[2] Nevada's Constitution, however, provides that "[a]ll men are by Nature free and equal and have certain inalienable rights among which are those of enjoying and defending life and liberty; Acquiring, Possessing and Protecting property and pursuing and obtaining safety and happiness[.]" Art. 1, § 1.

We have regularly refused to address constitutional claims under Article 1, section 1, of the Nevada Constitution that lack sufficient argument and authority. *See Rogers v. State*, 101 Nev. 457, 465, 705 P.2d 664, 669-70 (1985) (refusing to consider a criminal defendant's unsupported argument that the death penalty violated Article 1, section 1 of the Nevada Constitution); *Atteberry v. State*, 84 Nev. 213, 218, 438 P.2d 789, 791 (1968) (rejecting the argument that the Registration of Convicted Persons Act violated Article 1, section 1 of the Nevada Constitution because appellant failed to demonstrate by authority or argument how his constitutional rights were violated). While we can dismiss appellant's unsubstantiated assertion under *Rogers* and *Atteberry*, we nevertheless conclude that the assertion, even if properly made, lacks merit. *See Norman v. City of Las Vegas*, 64 Nev. 38, 39-56, 177 P.2d 442, 443-451 (1947) (concluding that the right to privacy is not absolute and that

---

[2]We assume that appellant was actually referring to his substantive due process rights under the United States Constitution, arguing that A.B. 579 violated those rights. That argument, however, lacks merit because A.B. 579 does not implicate a fundamental right and survives rational basis scrutiny. *See Logan D.*, 129 Nev. at ___, 306 P.3d at 377-79.

limitations on said right do not automatically violate Nevada's constitutional guarantees of life, liberty, and the pursuit of happiness under Article 1, section 1, of the Nevada Constitution).

*Ex Post Facto*

The United States Constitution provides that no "ex post facto Law shall be passed" by either the United States Legislature or an individual state's legislature. Art. 1, §§ 9-10. Similarly, Nevada's Constitution provides that "[n]o . . . ex post facto law . . . shall ever be passed." Art. 1, § 15. As inferable from our analysis in *Logan D.*, the Nevada Constitution's Ex Post Facto Clause provides the same protection as the United States Constitution's corresponding clause. *See* 129 Nev. at ___, 306 P.3d at 382-88 (mirroring the United States Supreme Court's constitutional analysis of ex post facto issues when addressing an ex post facto challenge under both the United States and Nevada Constitutions).

In *Logan D.*, we held "that retroactive application of A.B. 579 to juvenile sex offenders does not violate the Ex Post Facto Clauses of the United States and Nevada Constitutions." 129 Nev. at ___, 306 P.3d at 388. In reaching this conclusion, we first determined that the Legislature's intent in passing A.B. 579 was nonpunitive. *Id.* at ___, 306 P.3d at 382. We then analyzed the seven factors used to determine whether the effects of a nonpunitive civil regulatory scheme are sufficiently punitive to negate the State's intention to deem it civil. *Id.* at 382-88 (internal quotations omitted). Following this analysis we determined that the effects of A.B. 579 were not so punitive as to negate the Legislature's intent to deem the act civil. *Id.* at ___, 306 P.3d at 388. Because appellant has provided no convincing evidence that our decision

in *Logan D.* regarding the Ex Post Facto Clause merits a different outcome when A.B. 579 is applied to his circumstances, we reject his argument.

*Double Jeopardy*

No person shall "be subject for the same offense to be twice put in jeopardy of life or limb . . . ." U.S. Const. amend. V. Nevada's Constitution likewise provides that "[n]o person shall be subject to be twice put in jeopardy for the same offense . . . ." Nev. Const. art. 1 § 8(1). When assessing an alleged violation of the Double Jeopardy Clause in these circumstances, we apply the same two-step threshold analysis that we used for appellant's ex post facto challenge to determine whether a punishment is criminal and double jeopardy can apply. *See ACLU v. Masto*, 670 F.3d at 1053 (citing *Smith v. Doe*, 538 U.S. 84, 92 (2003)). Because we have determined that A.B. 579 is a civil act as applied to appellant, we reject his double jeopardy challenge.

Our analysis shows that appellant did not and could not meet his burden of clearly demonstrating that A.B. 579 is unconstitutional as applied to him and, thus, could not show a reasonable likelihood of success on the merits to maintain his preliminary injunction. Accordingly, we conclude that the district court did not abuse its discretion by dissolving the injunction.

We therefore ORDER the judgment of the district court AFFIRMED.

_____, C.J.
Hardesty

_____, J.          _____, J.
Parraguirre                   Douglas

_____, J.          _____, J.
Saitta                        Gibbons

_____, J.
Pickering

cc:    Hon. Rob Bare, District Judge
       Chesnoff & Schonfeld
       Attorney General/Transportation Division/Las Vegas
       Eighth District Court Clerk

CHERRY, J., dissenting:

I respectfully dissent for the same reasoning set forth in my dissent in *State v. Eighth Judicial Dist. Court (Logan D.)*, 129 Nev. \_\_, \_\_, 306 P.3d 369, 390-92 (2013) (Cherry, J. dissenting).

_____, J.
Cherry