# IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| KENNETH A. FRIEDMAN,<br>Appellant,<br>vs.<br>THE STATE OF NEVADA,<br>Respondent. | No. 63867 |
| KENNETH A. FRIEDMAN,<br>Appellant,<br>vs.<br>THE STATE OF NEVADA,<br>Respondent. | No. 65639 |
| KENNETH A. FRIEDMAN,<br>Appellant,<br>vs.<br>THE STATE OF NEVADA,<br>Respondent. | No. 65891 |

**FILED**

JAN 1 2 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

Docket No. 63867 is an appeal from an order of the district court denying a postconviction petition for a writ of habeas corpus. Docket No. 65639 is an appeal from an order denying a motion to correct an illegal sentence. Docket No. 65891 is an appeal from an order of the district court denying a postconviction petition for a writ of habeas corpus.[1] Eighth Judicial District Court, Clark County; Valorie J. Vega, Judge.

---

[1]The appeals in Docket Nos. 65639 and 65891 were previously consolidated. We elect to consolidate the appeal in Docket No. 63867.

*Docket No. 63867*

In his May 14, 2013, petition, appellant Kenneth A. Friedman raised several claims challenging his adjudication as a habitual criminal. Based upon our review of the record on appeal, we conclude that the district court did not err in denying the petition as procedurally barred for the reasons discussed below.

Friedman filed his petition more than seven years after issuance of the remittitur on direct appeal on February 8, 2006. *Friedman v. State*, Docket No. 43260 (Order of Affirmance, November 16, 2005). Thus, the petition was untimely filed. *See* NRS 34.726(1). Moreover, the petition was successive because Friedman had previously litigated a post-conviction petition for a writ of habeas corpus on the merits, and it constituted an abuse of the writ to the extent that Friedman raised claims new and different from those raised in his previous petition.[2] *See* NRS 34.810(1)(b)(2); NRS 34.810(2). Friedman's petition was procedurally barred absent a demonstration of good cause and actual prejudice. *See* NRS 34.726(1); NRS 34.810(1)(b), (3). Moreover, because the State specifically pleaded laches, Friedman was required to overcome the rebuttable presumption of prejudice to the State. NRS 34.800(2).

Friedman first argues that the procedural bars should not apply because the district court lacked jurisdiction to sentence him as a habitual criminal due to deficiencies with the prior convictions and in the sentencing proceedings. Friedman's jurisdictional argument is without merit as the alleged errors relating to his habitual criminal adjudication

---

[2]*Friedman v. State*, Docket No. 48390 (Order of Affirmance, March 24, 2008).

 

do not divest the district court of jurisdiction over Friedman or the offenses. *See* Nev. Const. art. 6, § 6; NRS 171.010. Thus, the statutory procedural bar and laches provisions set forth in NRS chapter 34 apply to this petition.

Friedman next argues that he demonstrated good cause to excuse his procedural defects because he only recently received sentencing documents, the State withheld sentencing documents and committed prosecutorial misconduct at the sentencing hearing, and his counsel was ineffective. Based upon our review of the record on appeal, we conclude that the district court did not err in determining that Friedman failed to demonstrate good cause. The record indicates that the sentencing documents were not withheld by the State and were in fact filed in the district court before the sentencing hearing. Thus, any claims based upon these documents or alleged statements at the sentencing hearing were reasonably available before direct appeal and the filing of his first postconviction petition and would not provide good cause in this case. *See State v. Huebler*, 128 Nev. 192, 198, 275 P.3d 91, 95 (2012) (recognizing that in order to demonstrate good cause a petitioner must demonstrate that the evidence was withheld); *Hathaway v. State*, 119 Nev. 248, 252, 71 P.3d 503, 506 (2003) (recognizing that good cause may be demonstrated when the factual basis was not reasonably available to be presented earlier). Friedman's claim of ineffective assistance of counsel was procedurally barred itself and would not provide good cause in this case. *See Hathaway*, 119 Nev. at 252, 71 P.3d at 506.

Friedman next argues a fundamental miscarriage of justice exists to overcome application of the procedural bars because he is actually innocent of being a habitual criminal. Friedman fails to provide

any cogent authority that an actual innocence argument sufficient to overcome application of procedural bars may be based upon a challenge to habitual criminal adjudication. *See Maresca v. State*, 103 Nev. 669, 673, 748 P.2d 3, 6 (1987) (providing it is the petitioner's burden to present relevant authority and cogent argument on appeal). Even assuming that an actual innocence argument could be made regarding eligibility for habitual criminal adjudication, Friedman fails to demonstrate actual innocence as to the habitual criminal adjudication. *See* NRS 207.010(1)(b) (providing that a defendant who has 3 or more prior felony convictions may be adjudicated a large habitual criminal); *see generally Lisle v. State*, 131 Nev., Adv. Op. 39, 351 P.3d 725, 730-34 (2015) (holding that an actual innocence argument related to the death penalty requires a demonstration that the defendant is ineligible for the death penalty); *O'Neill v. State*, 123 Nev. 9, 12, 153 P.3d 38, 40 (2007) (recognizing that after proof of the predicate felonies, the decision in a habitual criminal adjudication is not the decision to adjudicate a defendant a habitual criminal but the decision to dismiss a count of habitual criminality). Notably, the record contains evidence of at least 3 prior felony convictions arising in Montana.[3]

---

[3]Friedman incorrectly argues that certified copies are required; certified copies of prior convictions are prima facie evidence of a prior conviction but are not the only means of providing proof beyond a reasonable doubt of the prior convictions. *See* NRS 207.016(5); *see also Atteberry v. State*, 84 Nev. 213, 217, 438 P.2d 789, 791 (1968). Here, the State presented filed-stamped documents signed by officers of the judicial branch in the State of Montana. These documents reveal that Friedman committed 3 separate felony offenses on different dates against different victims and that he was represented and assisted by counsel when he entered his guilty plea, at the sentencing hearing, during the sentence-review proceedings in the Montana Supreme Court conditionally amending his sentence, and at a later proceeding imposing the original

*continued on next page...*

For the reasons discussed above, Friedman necessarily fails to overcome the presumption of prejudice to the State. See NRS 34.800(1)(a), (b), (2) (requiring a petitioner to demonstrate that he could not have had knowledge by the exercise of reasonable diligence of the grounds raised in the petition and a fundamental miscarriage of justice).

Finally, we reject Friedman's challenge to the district court's decision to deny the petition without first conducting an evidentiary hearing. See Hargrove v. State, 100 Nev. 498, 503, 686 P.2d 222, 225 (1984).

*Docket No. 65639*

In his March 24, 2014, motion, Friedman argued the district court did not have jurisdiction to adjudicate him a habitual criminal because the prior convictions were not proven beyond a reasonable doubt and NRS 207.010 is unconstitutional because it fails to provide for a

---

*...continued*

sentence for failure to comply with the conditions to amend the sentence (the latter two proceedings illustrative of the assistance provided to Friedman but unnecessary in determining the validity of his Montana convictions). Each of these offenses counts as a separate prior felony conviction. *Cf. Rezin v. State*, 95 Nev. 461, 462, 596 P.2d 226, 227 (1979) (noting that where 2 or more convictions arise out of the *same* act, transaction, or occurrence, and are prosecuted in the same indictment or information, those convictions would count as only a single conviction). The Ohio documents do not indicate whether Friedman was represented by counsel; however, we note that the Montana sentencing court indicated that its records showed Friedman was represented by counsel in the two Ohio felony convictions. Regardless of any issues regarding the Ohio convictions, Friedman was eligible for habitual criminal adjudication based on the Montana convictions alone. We do not consider Friedman's remaining arguments as they relate to alleged errors in the sentencing proceedings and do not implicate his eligibility for habitual criminal treatment or create an illegal sentence.

separate habitual criminal hearing. Based upon our review of the record on appeal, we conclude that the district court did not err in denying the motion. Friedman's claims fell outside the narrow scope of claims permissible in a motion to correct an illegal sentence, *see Edwards v. State*, 112 Nev. 704, 708, 918 P.2d 321, 324 (1996), and Friedman fails to demonstrate that the district court was not a competent court of jurisdiction, *see* Nev. Const. art. 6, § 6; NRS 171.010.[4] Finally, we reject Friedman's argument that the district court was required to set forth specific findings of fact in the final dispositional order.

*Docket No. 65891*

In his April 7, 2014, petition, Friedman again challenged the constitutionality of NRS 207.010. Based upon our review of the record on appeal, we conclude that the district court did not err in denying the petition as procedurally barred for the reasons discussed below.

Friedman's 2014 petition was untimely filed, *see* NRS 34.726(1), successive, *see* NRS 34.810(1)(b), (2), an abuse of the writ, *see* NRS 34.810(2), and procedurally barred absent a demonstration of good cause and actual prejudice, *see* NRS 34.726(1); NRS 34.810(1)(b),(3). Friedman's petition was also subject to statutory laches because the State specifically pleaded laches, and he was required to overcome the rebuttable presumption of prejudice to the State. NRS 34.800(2).

Friedman again argues that the statutory procedural bars and laches should not apply. Relying upon *Specht v. Patterson*, 386 U.S. 605

---

[4]To the extent that Friedman raised claims that were the same or substantially similar to claims previously litigated in this court, the district court did not err in applying the doctrine of the law of the case. *See Hall v. State*, 91 Nev. 314, 315, 535 P.2d 797, 798 (1975).

(1967), Friedman argues that the district court was without jurisdiction due to the alleged unconstitutionality of NRS 207.010. The alleged unconstitutionality of NRS 207.010 would not deprive the district court of jurisdiction over Friedman or his offenses. *See* Nev. Const. art. 6, § 6; NRS 171.010. Further, as a separate and independent ground to deny relief, we note Friedman's reliance upon *Specht* is misplaced as that case involved due process considerations in a separate commitment hearing requiring additional findings for commitment after conviction. In Nevada, habitual criminal adjudication is a sentencing enhancement, *see* NRS 207.016(1), and the sentencing hearing provides a full adversarial proceeding and ample due process protections.

Next, Friedman argues that he demonstrated good cause to excuse his procedural defects. Friedman's claims of ineffective assistance of trial and appellate counsel were procedurally barred themselves and would not provide good cause in this case. *See Hathaway*, 119 Nev. at 252, 71 P.3d at 506. Thus, we conclude that the district court did not err in concluding that Friedman failed to demonstrate good cause.

Friedman further argues that equitable tolling should apply due to ineffective assistance of counsel. We decline to consider this argument as it was not presented below.

Friedman's argument that he was actually innocent because NRS 207.010 was unconstitutional is without merit for the reasons discussed previously.

Finally, for the reasons discussed previously, Friedman necessarily fails to overcome the presumption of prejudice to the State. *See* NRS 34.800(1)(a), (b), (2) (requiring a petitioner to demonstrate that he could not have had knowledge by the exercise of reasonable diligence of

the grounds raised in the petition and a fundamental miscarriage of justice).

Accordingly, we

ORDER the judgments of the district court AFFIRMED.

_____, J.
Douglas

_____, J.
Gibbons

_____, J.
Pickering

cc:    Eighth Judicial District Court, Dept. 2
Potter Law Offices
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A