# IN THE SUPREME COURT OF THE STATE OF NEVADA

DESHAWN LAMONT THOMAS,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 71547

FILED

DEC 14 2017

CLERK OF ELIZABETH BROWN

BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is a pro se appeal from a district court order denying appellant DeShawn Lamont Thomas's postconviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Douglas Smith, Judge. Thomas argues that he received ineffective assistance from trial and appellate counsel. We disagree and therefore affirm.[1]

---

[1]We conclude that a response to the pro se brief is not necessary. NRAP 46A(c). This appeal therefore has been submitted for decision based on the pro se brief and the record. *See* NRAP 34(f)(3).

We decline to consider arguments related to claims raised in Thomas's 2016 pro se supplemental petition, which he filed without the district court's permission. *See* NRS 34.750(5) ("No further pleadings may be filed except as ordered by the court."). Although we disagree with the district court's determination that the 2016 supplement was procedurally barred, we conclude that it reached the correct result in declining to consider that supplement because Thomas was not entitled to file another pro se supplement after his appointed counsel withdrew. *See* NRS 34.750(3) (providing that *appointed counsel* may file a supplemental pleading after appointment). We also decline to consider any claims raised for the first time on appeal, including but not limited to Thomas's argument that counsel should have "federalized" his claims and asserted a double jeopardy claim, the lack of an in-court identification by the victim, that NRS 199.480 was unconstitutional, and several additional instructional errors. *See Davis*

17-43217

To demonstrate ineffective assistance of counsel, a petitioner must show that counsel's performance was deficient in that it fell below an objective standard of reasonableness and that prejudice resulted in that there was a reasonable probability of a different outcome absent counsel's errors. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*); *see also Kirksey v. State*, 112 Nev. 980, 998, 923 P.2d 1102, 1114 (1996) (applying *Strickland* to claims of ineffective assistance of appellate counsel). Both components of the inquiry must be shown, *Strickland*, 466 U.S. at 697, and the petitioner must demonstrate the underlying facts by a preponderance of the evidence, *Means v. State*, 120 Nev. 1001, 1012, 103 P.3d 25, 33 (2004). For purposes of the deficiency prong, counsel is strongly presumed to have provided adequate assistance and exercised reasonable professional judgment in all significant decisions. *Strickland*, 466 U.S. at 690. The petitioner is entitled to an evidentiary hearing when the claims asserted are supported by specific factual allegations not belied or repelled by the record that, if true, would entitle the petitioner to relief. *See Nika v. State*, 124 Nev. 1272, 1300-01, 198 P.3d 839, 858 (2008). We give deference to the district court's factual findings but review its application of the law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005).

Thomas argues that appellate counsel should have argued that insufficient evidence supported his convictions for robbery—because the victim did not identify Thomas as the perpetrator in court—and for conspiracy—because coperpetrator Arfat Fadel denied intending to kidnap

_____

*v. State*, 107 Nev. 600, 606, 817 P.2d 1169, 1173 (1991), *overruled on other grounds by Means v. State*, 120 Nev. 1001, 1012-13, 103 P.3d 25, 33 (2004).

SUPREME COURT
OF
NEVADA

(O) 1947A

2

and rob the victim when Fadel and Thomas drove the victim to a remote location and robbed and assaulted him. Appellate counsel was not ineffective in failing to raise this futile claim. An in-court identification is not an element of robbery, *see* NRS 200.380, and the record contained sufficient evidence for the jury to find that Thomas robbed the victim, including his identifications by Ms. Herman, by Fadel, and from surveillance footage. And it was the province of the jury to determine whether to credit Fadel's denial or find that Fadel agreed with Thomas to kidnap and rob the victim based on the numerous phone calls between Fadel and Thomas over the course of the night, their following the victim as he left the hotel, their enticing the victim into their car, and the victim being robbed, attacked, and abandoned shortly thereafter. *See* NRS 199.480(1); NRS 200.310; NRS 200.380; *Rose v. State*, 123 Nev. 194, 202-03, 163 P.3d 408, 414 (2007) (holding that the jury and not the court assesses witness credibility); *Thomas v. State*, 114 Nev. 1127, 1143, 967 P.2d 1111, 1122 (1988) (holding jury may infer agreement for conspiracy conviction from coordinated series of acts). The district court therefore did not err in denying this claim without an evidentiary hearing.

Thomas next argues that trial and appellate counsel should have argued that Fadel's testimony was inadmissible because it lacked corroboration. He also argues that trial counsel should have informed him about the corroboration requirement and should have requested a limiting instruction. Fadel's testimony was corroborated by testimony from other witnesses, surveillance footage, and cell-phone-location data. *See Cheatham v. State*, 104 Nev. 500, 504-05, 761 P.2d 419, 422 (1988) ("Corroboration evidence also need not in itself be sufficient to establish guilt, and it will satisfy [NRS 175.291] if it merely tends to connect the

accused to the offense."). Accordingly, counsel were not ineffective in failing to pursue futile trial and appellate challenges. And trial counsel was not ineffective in failing to inform Thomas about the corroboration requirement, as decisions regarding trial tactics are entrusted to trial counsel alone, *Rhyne v. State*, 118 Nev. 1, 8, 38 P.3d 163, 167 (2002), nor would Thomas's being informed have led to a reasonable probability of a different outcome. As Fadel was Thomas's accomplice and his testimony was highly inculpatory, trial counsel should have requested a jury instruction on accomplice credibility. But Thomas has not shown that he was prejudiced by deficient performance in that respect because Fadel's testimony was corroborated.[2] *See Gonzalez v. State*, 131 Nev., Adv. Op. 99, 366 P.3d 680, 686 (2015) (discussing accomplice-distrust instruction and noting that, though the instruction is favored, its omission is not reversible error where accomplice testimony is corroborated). The district court therefore did not err in denying these claims without an evidentiary hearing.

Thomas next argues that appellate counsel should have challenged many of the jury instructions given. The record belies the claims that instructions 6 and 21 permitted the jury to find Thomas guilty of a specific intent crime without having specifically intended such crime and that instruction 22 permitted the jury to find him guilty of a stand-alone offense of aiding and abetting. The *Mendoza* instruction was not deficient by omitting reference to physical restraints where no evidence suggested that physical restraint was at issue. *Cf. Mendoza v. State*, 122 Nev. 267, 276, 130 P.3d 176, 181 (2006). Thomas's challenge to instruction 23—which

---

[2]For the same reason, appellate counsel was not deficient in failing to raise the instruction error. *See Jones v. Barnes*, 463 U.S. 745, 751 (1983) (holding that appellate counsel need not raise every nonfrivolous claim).

provided that Fadel's guilty plea may not be used to establish Thomas's guilt—fails because the instruction properly states the law that a coperpetrator's guilty plea may not be used to establish a defendant's guilt. *See United States v. Halbert*, 640 F.2d 1000, 1004 (9th Cir. 1981). As these challenges were futile, Thomas has not shown that appellate counsel deficiently omitted them to his prejudice. The district court therefore did not err in denying this claim without an evidentiary hearing.

Thomas next argues that trial counsel should have moved to dismiss the kidnapping charge because it violated *Mendoza* in that his conduct did not involve movement or restraint with significance independent of that inherent in robbing the victim. Counsel was not ineffective, as the record established that Thomas invited the victim into his car and drove him to a vacant lot where Thomas beat and robbed him, thus moving him to an unknown location where the victim was subjected to a greater risk of danger. *See Mendoza*, 122 Nev. at 275, 130 P.3d at 181. The district court therefore did not err in denying these claims without an evidentiary hearing.

Thomas next argues that trial counsel should have challenged Fadel's testimony as coerced by his plea agreement's requirement to testify truthfully. Thomas has failed to show that counsel was ineffective because a plea agreement's requirement of truthful testimony does not improperly require or coerce particularized testimony. *Leslie v. State*, 114 Nev. 8, 17, 952 P.2d 966, 972 (1998); *see also Sheriff v. Acuna*, 107 Nev. 664, 669, 819 P.2d 197, 200 (1991) (holding that plea agreement may require truthful testimony). Thomas's contention that counsel should have raised a vouching objection because the trial judge endorsed Fadel's truthfulness is belied by the record, as the judge instead noted that it would determine

 

Fadel's compliance with his agreement to testify separately. Thomas has not shown that he had standing to challenge Fadel's plea negotiations, *cf. Greene v. State*, 113 Nev. 157, 176, 931 P.2d 54, 66 (1997) (concluding that defendant lacked standing to assert a violation of codefendant's constitutional rights), *overruled on other grounds by Byford v. State*, 116 Nev. 215, 994 P.2d 700 (2000), and thus has not shown that a related appellate challenge was not futile. And neither trial nor appellate counsel were ineffective in failing to assert that Fadel testified according to a predetermined script, as that allegation is a bare claim. The district court therefore did not err in denying these claims without an evidentiary hearing.

Thomas next argues that appellate counsel should have challenged the prosecution's vouching for the credibility of numerous witnesses' testimony. Broadly, the contested instances involve the State's describing anticipated testimony in its opening statement, photographic and other evidence that supported percipient witness testimony regarding various matters, and Thomas's challenges to whether certain evidence was inculpatory. These instances do not involve improper vouching. *See United States v. Wallace*, 848 F.2d 1464, 1473 (9th Cir. 1988) (defining prosecutorial vouching as when the State gives personal assurances of a witness's veracity or suggests that information not on the record supports a witness's testimony). Thomas's claim that the State suggested that surveillance footage that was not presented supported Herman's testimony is belied by the record. Thomas also argues that the State vouched for Fadel's testimony by asking Fadel on direct examination if he had agreed to testify truthfully as part of his plea agreement. As trial counsel attacked Fadel's credibility in the opening statement, the State's question was not

 

vouching, *see United States v. Dorsey*, 677 F.3d 944, 953 (9th Cir. 2012) (holding that reference to plea agreement's truthfulness requirement is not vouching when made in response to attacks on witness's credibility, including in opening statement), and an appellate claim was thus futile. The district court therefore did not err in denying this claim without an evidentiary hearing.

Thomas next argues that trial counsel should have moved to suppress or exclude phone records relating to a cell phone number with a 510 area code ("510 phone") and the value of the jewelry taken from the victim (approximately $100,000). To the extent that he argues that counsel should have sought to exclude this evidence as substantially more unfairly prejudicial than probative, *see* NRS 48.035(1), we disagree. First, the phone records and jewelry value were probative of Thomas's involvement in the crimes. *See Holmes v. State*, 129 Nev. 567, 572, 306 P.3d 415, 418 (2013) (concluding that evidence was relevant where it tended to prove defendant's involvement in the charged offenses). The phone records showed that Thomas spoke with Fadel shortly before the kidnapping and robbery, was in the relevant area when the crime occurred, and corroborated Fadel's testimony regarding the sequence of events. The conspicuous value of the victim's jewelry supported the State's theory that Thomas targeted the heavily intoxicated victim to rob him. While this evidence prejudiced Thomas by inculpating him, Thomas has not shown that such prejudice was unfair. *See State v. Eighth Judicial Dist. Court (Armstrong)*, 127 Nev. 927, 933-34, 267 P.3d 777, 781 (2011) (explaining that because "all evidence against a defendant" will be prejudicial "on some level," NRS 48.035(1) focuses on "unfair" prejudice, such as where the evidence would influence the jury to find guilt based on an improper basis such as emotion or bias).

Because it appears that any effort to exclude this evidence would have been futile, Thomas failed to show ineffective assistance.[3] *Ennis v. State*, 122 Nev. 694, 706, 137 P.3d 1095, 1103 (2006). The district court therefore did not err in denying these claims without an evidentiary hearing.

Thomas next argues that trial counsel should have impeached State witnesses, cross-examined them more thoroughly, and challenged their use of perjury. Regarding the victim, counsel did cross-examine him about the conflicting website account and the unrelated incident in Denver, and Thomas has not shown that counsel was deficient or that he was prejudiced because counsel did not emphasize these subjects more aggressively. The record belies Thomas's claims that (1) Mr. Abbott did not testify that he saw the victim fall multiple times, (2) that Ms. Gonzalez testified as to when Thomas's car left the hotel valet, (3) that Mr. Day testified about when the car left when he said that he did not notice Thomas's car at the hotel valet, and (4) that Fadel testified falsely regarding Thomas's using the 510 phone or when their car left the hotel. And Thomas's allegations that these witnesses committed perjury and that the State deleted surveillance footage are bare claims that state no basis on which counsel could have raised a meritorious claim. The district court therefore did not err in denying these claims without an evidentiary hearing.

Thomas next argues that trial counsel should have challenged his adjudication as a habitual criminal because two of his prior felonies were

---

[3]Relatedly, Thomas argues that trial and appellate counsel should have challenged the prosecutor's arguments about the jewelry's value and a connection between him and the 510 cell phone on the ground that the evidence did not support the arguments. The record does not support any such challenges to the prosecutor's arguments.

charged in a single case and his convictions were remote and stale. The record belies Thomas's claim that two of his felonies were not discrete prosecutions, as each has its own case number and distinct charging instrument. *Cf. Rezin v. State*, 95 Nev. 461, 462, 596 P.2d 226, 227 (1979) (holding that multiple convictions arising from a single charging instrument constitute one prior conviction for habitual criminal determinations). As the trial court has the broadest discretion in deciding whether to adjudicate a defendant as a habitual criminal, *LaChance v. State*, 130 Nev. 263, 276, 321 P.3d 919, 929 (2014), and Thomas was convicted of six offenses that constituted felonies under Nevada law, *see* NRS 207.010(1)(b), a challenge to the trial court's discretion would have been futile, and counsel is not ineffective in failing to pursue futile claims. As Thomas did not argue that the statutes fixing punishment were unconstitutional and was sentenced within the statutory limits for his offenses to a term that is not unreasonably disproportionate considering the severity of his crimes and Thomas's history of recidivism, *see* NRS 199.480; NRS 200.310(1); NRS 200.380(1); NRS 200.400(2); NRS 207.010(1)(b)(1); *Blume v. State*, 112 Nev. 472, 475, 915 P.2d 282, 284 (1996); *Sims v. State*, 107 Nev. 438, 814 P.2d 63 (1991) (affirming a sentence of life without parole for grand larceny involving the theft of a purse and wallet containing $476, adjudicated under the habitual criminal statute), counsel was not ineffective for omitting a futile cruel-and-unusual-punishment challenge. Further, counsel was not ineffective in failing to assert that Thomas's convictions were remote and stale, as the record belies that claim and that would merely provide a basis under which the sentencing court *may* decline to adjudicate as a habitual criminal. *See LaChance*, 130 Nev. at 277, 321

SUPREME COURT
OF
NEVADA

(O) 1947A

P.3d at 929. The district court therefore did not err in denying this claim without an evidentiary hearing.

Thomas next argues that appellate counsel should have argued that cumulative error warranted relief.[4] As the only trial error identified on direct appeal concerned the failure to hold a hearing pursuant to *Petrocelli v. State*, 101 Nev. 46, 692 P.2d 503 (1985), for which we determined that relief was not warranted, and one error cannot cumulate, *see United States v. Sager*, 227 F.3d 1138, 1149 (9th Cir. 2000), Thomas has not shown that appellate counsel deficiently omitted a cumulative-error claim to his prejudice. The district court therefore did not err in denying this claim.

Having considered Thomas's arguments and concluded that they do not warrant relief, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

cc:    Hon. Douglas Smith, District Judge
       Deshawn Lamont Thomas
       Attorney General/Carson City
       Clark County District Attorney
       Eighth District Court Clerk

---

[4]As it was not raised below, we decline to consider Thomas's related claim that the instances of counsel's deficient performance cumulatively merit relief.