IN THE SUPREME COURT OF THE STATE OF NEVADA

ERIC LAMONT DALE,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 76779

FILED

DEC 1 2 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order denying a postconviction petition for a writ of habeas corpus. Second Judicial District Court, Washoe County; Elliott A. Sattler, Judge.

Appellant Eric Dale claims the district court erred by denying his claims that trial counsel was ineffective. To prove ineffective assistance of counsel, a petitioner must demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that there is a reasonable probability that, but for counsel's errors, the outcome of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*). Both components of the inquiry must be shown, *Strickland*, 466 U.S. at 697, and the petitioner must demonstrate the underlying facts by a preponderance of the evidence, *Means v. State*, 120 Nev. 1001, 1012, 103 P.3d 25, 33 (2004). We give deference to the district court's factual findings regarding ineffective assistance of counsel if they are supported by substantial evidence and not clearly wrong but review the district court's

19-50415

application of the law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005).

First, Dale argues trial counsel should have objected to the State's proof of prior felony convictions for the purposes of adjudicating him a habitual criminal. Dale does not demonstrate deficient performance or prejudice. While a certified copy of a felony conviction is prima facie evidence of a prior felony conviction, there are other means by which the State can prove a prior felony conviction beyond a reasonable doubt. *See* NRS 207.016(5); *Atteberry v. State*, 84 Nev. 213, 217, 438 P.2d 789, 791 (1968). Additionally, Dale does not identify an objection that would have had a reasonable probability of successfully challenging the prior convictions and changing the outcome of the sentencing hearing. He notes that at least one of the prior convictions mentions jail time of less than a year, but he does not demonstrate he was convicted of something less than a felony.[1] He also complains that the defense was not provided documentation of the fourth felony conviction presented to the district court until sentencing but does not allege that the documentation was invalid. Substantial evidence supports the district court's finding that Dale

---

[1]We disagree with Dale's contention that because a jail sentence of less than a year would not constitute a felony in Nevada, such a sentence demonstrates the crime was not a felony in "the situs of the crime." NRS 207.010(1)(b).

conceded the veracity of his prior felony convictions to counsel. Accordingly, Dale does not demonstrate trial counsel was ineffective in this regard.[2]

Second, Dale argues trial counsel should have pursued a plea of not guilty by reason of insanity. Dale does not demonstrate deficient performance or prejudice. Trial counsel testified that he considered an insanity defense, consulted with a mental health professional and other defense attorneys, and discussed with Dale his view that there was insufficient support for the defense. Counsel further testified that Dale agreed not to enter a plea of not guilty by reason of insanity, and Dale did not testify that he told counsel or the district court that he wanted to enter such a plea. Substantial evidence supports the district court's findings that counsel's decision as to what defense would be the most successful was strategic and sufficiently investigated. Accordingly, Dale does not demonstrate trial counsel was ineffective in this regard.

Third, Dale claims trial counsel should have objected to the State's amendment of the indictment after resting its case. Dale does not demonstrate deficient performance or prejudice. As noted by the district court, NRS 173.095(1) provides that "[t]he court may permit an indictment or information to be amended at any time before verdict or finding if no additional or different offense is charged and if substantial rights of the

---

[2]Additionally, Dale does not demonstrate that appellate counsel was ineffective for omitting this argument on appeal. *See Kirksey v. State*, 112 Nev. 980, 998, 923 P.2d 1102, 1114 (1996) (applying *Strickland* to claims of ineffective assistance of appellate counsel and holding "[a]n attorney's decision not to raise meritless issues on appeal is not ineffective assistance of counsel").

defendant are not prejudiced." After considering the grand jury proceedings and the other counts in the indictment, the district court found that Dale was on notice that the State intended to charge him with discharging a firearm at or into an occupied vehicle. Further, counsel testified that the defense was aware of the State's theory that Dale fired a gun into an occupied vehicle, that he attempted to defend against that theory throughout the trial, and that he did not object to the amendment because it did not change the theory of prosecution. Accordingly, Dale does not demonstrate trial counsel was ineffective in this regard.[3]

Lastly, Dale argues that he was not competent during trial. Dale does not allege good cause for presenting this claim in his postconviction petition when it could have been raised on direct appeal. *See* NRS 34.810(1)(b)(2); NRS 34.810(3). Thus, this claim is procedurally barred. *See State v. Williams*, 120 Nev. 473, 476-77, 93 P.3d 1258, 1260 (2004). To the extent Dale claims trial counsel should have known he was not competent to proceed to trial, he has not shown deficient performance or prejudice. Dale was evaluated for competency at least three times before trial, with all evaluations concluding Dale was competent to proceed to trial. The trial court agreed with the evaluations and made a finding of Dale's competency. Additionally, counsel testified that Dale appeared to understand the trial proceedings and that he was able to communicate and

---

[3]Additionally, Dale does not demonstrate that appellate counsel was ineffective for omitting this argument on appeal. *See Kirksey*, 112 Nev. at 998, 923 P.2d at 1114.

assist by writing notes or asking questions. Accordingly, Dale has not shown he is entitled to relief on this claim.

Having considered Dale's contentions and concluded no relief is warranted, we

ORDER the judgment of the district court AFFIRMED.[4]

_____, C.J.
Gibbons

_____, J.
Cadish

_____, Sr. J.
Douglas

cc:    Hon. Elliott A. Sattler, District Judge
Karla K. Butko
Attorney General/Carson City
Washoe County District Attorney
Washoe District Court Clerk

---

[4]The Honorable Michael Douglas, Senior Justice, participated in the decision of this matter under a general order of assignment.